IN THE ELEVENTH CIRCUIT COURT OF APPEALS

GLENN SPRADLEY,

    Appellant,

                                Case Number.  20-14518

v.

PAT FRANK, CLERK, EDWINA
BAKER, DEPUTY CLERK, OF
HILLSBOROUGH COUNTY CIRCUIT
COURT, AND HILLSBOROUGH
COUNTY,

    Appellees.

_____/

Legal Mail
Received

JUN 0 9 2021

Dade C.I.

ON APPEAL FROM THE U.S.
DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA, TAMPA DIVISION

APPELLANT'S INITIAL BRIEF

GLENN SPRADLEY, PRO SE
DADE CORRECTIONAL INSTITUTION
19000 S.W. 377TH STREET
FLORIDA CITY, FLORIDA 33034

Case No.: 20-14518 Spradley v. Frank

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to F.R.App.P. 26.1 and 11th Cir. R. 26.1-1, the Appellant, in pro se, submits that the following persons have an interest in the outcome of this appeal:

1) Akerman LLP, Attorney for Appellees Pat Frank and Edwina Baker;

2) Baker, Edwina, Appellee;

3) Brazel, Robert E., Trial Attorney for the Appellee Hillsborough County;

4) Elias, Zarra R., Attorney for the Appellees Pat Frank and Edwina Baker;

5) Fiore Kristen M., Attorney for Appellees Pat Frank and Edwina Baker;

6) Frank, Pat, Appellee;

7) Gonzalez, Thomas M., Trial Attorney for Appellees Pat Frank and Edwina Baker;

8) Hillsborough County, Appellee;

9) Honeywell, Charlene E., U.S. District Court Judge for the Middle District of Florida;

10) Sansone, Amanda A., U.S. District Court Judge for the Middle District of Florida;

11) Spradley, Glenn, Appellant; and

12) Torres, Melissa, Attorney for the Appellees Pat Frank and Edwina Baker.

No publicly traded corporation or company has an interest in the outcome of this appeal.

I hereby certify that this certificate is complete.

## TABLE OF CONTENTS

PAGE(S)

CERTIFICATE OF INTERESTED PERSONS ⎯⎯⎯⎯⎯⎯ i

TABLE OF CONTENTS ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ iii

TABLE OF CITATIONS ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ iv

STATEMENT REGARDING ORAL ARGUMENT ⎯⎯⎯⎯⎯ viii

STATEMENT OF SUBJECT MATTER AND APPELLATE

JURISDICTION ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 1

STATEMENT OF ISSUES ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 1

STATEMENT OF THE CASE ⎯⎯⎯⎯⎯⎯⎯⎯⎯ 6

COURSE OF PROCEEDINGS AND DISPOSITION

IN THE COURT BELOW ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 6

STATEMENT OF THE FACTS ⎯⎯⎯⎯⎯⎯⎯⎯⎯ 9

STANDARD OF REVIEW ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 29

SUMMARY OF THE ARGUMENT ⎯⎯⎯⎯⎯⎯⎯⎯ 31

ARGUMENT ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 35

CONCLUSION ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ 57

CERTIFICATE OF COMPLIANCE ⎯⎯⎯⎯⎯⎯⎯⎯ 58

CERTIFICATE OF SERVICE ⎯⎯⎯⎯⎯⎯⎯⎯⎯ 58

## TABLE OF CITATIONS

PAGE(S)

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 255, 106 S.Ct.

2505, 91 L.Ed.2d 202 (1986) _____  41

Antonelli v. Warden, 542 F.3d 1348, 1352 (11th Cir. 2008) _____  43

Barr v.Johnson, 777 Fed.Apps. 298, 301 (11th Cir. 2019) _____  29

Bearint v. Dorell Juvenile, 389 F. 3d 1339, 1345 (11th Cir. 2004)_  30

Berger v. United States, 255 U.S. 22, 33 (1921) _____

Bost v. Fed'l Express Corp., 372 F.3d 1233, 1242 (11th Cir. 2004)_  50

Brooks v Fla.Parole Comm'n, 948 So.2d 801, 801 (Fla. 1st DCA 2006)_ 43

Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1482 (11th Cir. 1991)_ 35

Cromartie v. Shealy, 941 F.3d 1244, 1251 (11th Cir. 2019)_____ 29

Dekalb Stone v. County of Dekalb, 106 F.3d 956, 960 (11th Cir. 1997)_ 30,52

Farley v. American Cast Iron Pipe Co., 115 F.3d 1548, 1551 (11th Cir.

1997)_____  30

Fish & Wildlife Conservation Comm'n v. Wilkinson, 799 So.2d 258,

260 (Fla. 2d DCA 2001) _____  47

Friends of Lubavitch/Landow Yeshivah v. Northern Trust Bank, 685

So.2d 951, 952 (Fla. 3rd DCA 1996) _____  38

FTC v. Lanier Law, LLC, 715 Fed.Appx. 970, 978 (11th Cir. 2017)_  37

Glover v. City of Pensacola, 372 Fed.Appx. 952, 954 (11th Cir. 2010)      30

PAGE(S)

Gross v. Bruggrat Constr. Co., 53 F.3d 1531, 1541-42 (10th Cir. 1995)      37

Gwin v. Snow, 870 F.2d 616, 624-25 (11th Cir. 1989) _____      42

HCA Health Servs. of Fla., Inc. v. Hillman, 906 So.2d 1094, 1104

(Fla. 2d DCA 2004) _____      50

Hoefling v. City of Miami, 811 F.3d 1771, 1780 (11th Cir. 2016)      36

In Re Ford Motor Co., 345 F.3d 1315, 1316 (11th Cir. 2003) _____      30

In Re Walker, 532 F.3d 1304, 1308 (11th Cir. 2008) _____      31

Inverness Coca- Cola Bottling Co. v. McDaniels, 78 So.2d 100, 102

(Fla. 1955) _____      39

Judwin Properties, Inc. v. United States Fire Ins. Co., 973 F.2d 432,

436-37 (11th Cir. 1992) _____      42

Kirk v. Raymark Indus., Inc., 61 F.3d 147, 167-168 (3rd Cir. 1995) __      37

Lewis v. Casey, 518 U.S. 349, 354-355 (1996) _____      43

Luster v. Ill. Dep't of Corr., 652 F.3d 726, 731 (7th Cir. 2011) _____      37

Martin v. Iowa, 725, 727 (8th Cir. 2014) _____      42

Mawr Ocean Resorts, Inc. v. Key Largo Ocean Resorts Co-Op., Inc.,

433 So.2d 1218, 1218 (Fla. 3rd DCA 1983) _____      44

PAGE(S)

Moger v. Fla. Parole Comm'n, 22 So.3d 138, 139 (Fla. 1st DCA 2009)_  49

Motor Vehicles v. Scott, 583 So.2d 785, 786 (Fla. 2nd DCA 1991)____  47

Pembaur v. City of Cincinnati, 475 U.S. 469, 480, 483 (1986) _____  35

Pierson v. Orlando Reg'l Health Care Sys., Inc.,2010 U.S. Dist.

  LEXIS 33974, 2010 U.S. W.L. 1408391. *15 (M.D. Fla. Apr. 6, 2010)_  50

Pri-Har v. Corp. of Am., Inc., 154 Fed. Appx. 886, 889 (11th Cir. 2005)_  57

Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003) _____  36

Schmidt v. Crusoe, 878 So.2d 361, 366 (Fla. 2003) _____  43

Sledge  Goodyear Dunlop Tires of North America Ltd., 275 F.3d

1014, 1019 (11th Cir. 2001) _____  41

State Dept. of Highway Safety and Motor Vehicles v. Scott, 583

  So.2d 785, 786 (Fla. 2d DCA 1991) _____  47

State ex Rel. Bergin v. Dunne, 71 So.2d 746, 749 (Fla. 1954)_____  50

Their v. State, 913 So.2d 599, 599 (Fla. 2005) _____  50

Thigpen v. Bibb County,  223 F.3d 1231, 1236 (11th Cir. 2000) _____  30

United States v. Patti, 33 F.3d 1317, 1321 (11th Cir. 2003)_____  56

Wechler v. Hunt Health Sys. Ltd., 1999 U.S. Dist. LEXIS 13216,

  *5 (S.D.N.Y. Aug. 27, 1999) _____  40

Wright v. Farouk, Sys., Inc., 701 F.3d 907, 910 (11th Cir. 2012) _____  30

Constitutional Provisions, Statutes and Rules

PAGE(S)

Fed.R.Civ.P. 12(b) (6) _____ 11

Fed.R.Civ.P. 33(b) (4) _____ 55

Fed.R.Evid. 801, 802 _____ 37

Fed.R.Evid. 803(24) _____ 38

Fla.Stat. §47.011 _____ 2, 25, 31
                                                        38, 39, 41
Fla.Stat. §95.11(5)(f) _____ 18

Title 28, U.S.C. §455(a) _____ 56

Title 28, U.S.C. §1291 _____ 1

Title 28, U.S.C. §1331 _____ 1

Title 42, U.S.C. §1983 _____ 6, 16 20,
                                                           35
U.S. Const. Amend. I _____ 32

U.S. Const. Amend. XIV _____ 6, 20, 34,
                                                            42

## STATEMENT REGARDING ORAL ARGUMENT

The pro se Appellant does not request oral argument.

## STATEMENT OF SUBJECT – MATTER AND APPELLATE JURISDICTION

The district court had subject – matter jurisdiction under Title 28 U.S.C. §1331, because the complaint raises a federal question regarding whether the defendants violated the Plaintiff's rights under the United States Constitution. This Court has appellate jurisdiction under Title 28 U.S.C. §1291, because the order granting the County's motion dismiss on August 23, 2019, the order granting the Appellees' motion for summary judgment on July 1, 2020, and the judgment entered in their favor, also on July 1, 2020, are all now final. Appellant's Motion to Alter or Amend Order and Judgment was denied on November 6, 2020, and his notice of appeal was filed on December 2, 2020.

## STATEMENT OF THE ISSUES

PAGE(S)

### ISSUE I

Whether the district court erred in granting the County's motion to dismiss Appellant's Amended Complaint at the pleading stage, on ground that the Appellee Frank, the Clerk of Hillsborough County Circuit Court, is not a final policymaker for the County with respect to accepting complaints for filing_____35

### ISSUE II

Whether the district court erred in granting summary judgment for the Appellees Frank and Baker based upon the following grounds.

1

A.    Neither Appellee Frank nor Baker forwarded the complaint to Pinellas County _____ 36

B.    The language of Section 47.011, Florida Statutes, does not create a liberty interest under federal law for individuals who file an action in Florida _____ 38

C.    Even if the statute creates a liberty interest, there is no evidence that either Baker or Frank transferred the complaint to Pinellas County _____ 39

D.    In answering Plaintiff's interrogatories, Appellee Baker said she did not transfer the complaint to Pinellas County and Appellee Frank said they did not know how and are unable to determine how the pleadings became to be filed in Pinellas County _____ 40

E.    Appellant's interrogatory evidence of Appellee Frank stating that the deputy clerk who returned and then transferred the Appellant's pleading acted in violation of the clerk's policy is insufficient for a jury to find either of the Appellees transferred the complaint, especially considering their answers that Appellee Baker did not transfer the complaint and they do not know how it became filed in Pinellas County _____ 41

2

F.    Appellees failure to file the complaint did not actually injure him and therefore does not give rise to a First Amendment access to courts claim because the complaint was a challenge to his parole proceedings and was not an attack on his        sentence        or        the        conditions        of        his confinement_____ 42

G.    Even if Appellant's right of access to the courts extended to his complaint for mandamus proceeding, he was not denied access to the courts because the complaint was considered by the Pinellas County Circuit Court, dismissed by it without prejudice to refile in Leon County, appealed, and reversed with directions to transfer the case to Leon County, where it was dismissed because he had been previously barred from filing pro se complaints therein_____ 43

H.    Appellant's belief that had the Defendant's filed his complaint, the action conceivably could have proceeded in Hillsborough County if he FPC waived its home venue privilege is wholly speculative_____ 45

I.    Appellant has no constitutional right of access to the court of his choice_____ 46

J.     Appellees' failure to file the complaint did not prevent Appellant from bringing his claims in the appropriate court, because his complaint was eventually presented to the Circuit Court in Leon County where the state appellate court determined was the appropriate court to consider his complaint and where the dismissal had nothing to do with the Appellees' failure to file the complaint or its timeliness, but instead was based on sanctions that prevented a review of both his pro se filings and the merits of his complaint_____ 46

K.     Appellant has provided no evidence of his contention that his challenge to the FPC'S June 2013 proceeding was forever time barred under the one-year statute of limitations period, he has failed to present evidence that the Appellees' failure to file his complaint actually rendered any available state court remedy ineffective_____ 48

## ISSUE III

Whether the district court erred or abused its discretion in denying or in not considering Appellant's cross request or motion for summary judgment   51

4

## ISSUE IV

Whether the district court abused its discretion in refusing to strike

Appellee    Frank's    answer    to    Appellant's    first    set    of

interrogatories _____ 53

## ISSUE V

Whether the district court abused its discretion in denying as moot

Appellant's motion to compel discovery on ground that Frank's 20th and 21st

amended interrogatory answers are sufficient_____ 55

## ISSUE VI

Whether the district court judge abused her discretion in refusing to

recuse or disqualify herself from this case_____ 56

## STATEMENT OF THE CASE

### A. NATURE OF THE CASE

This is a 42 U.S.C. §1983 civil rights action brought against a Florida Clerk of Circuit Court, her deputy Clerk and Hillsborough County, to redress the alleged violation of Appellant's right of access to the courts under the First Amendment and the violation of his state created common-law right to initially select venue, protected by the due process clause of the 14th Amendment.

### B. COURSE OF PROCEEDINGS AND DISPOSITIONS IN THE COURT BELOW

On February 6, 2019, proceeding pro se, the Appellant filed an amended civil rights complaint in the U.S. District Court for the Middle District of Florida, Tampa Division, to redress the alleged unlawful and repeatedly refusals to accept his complaint for Writ of Mandamus and the alleged denials of his rights of access to the courts and due process, by a clerk, her deputy clerk, and Hillsborough County. (Doc 34)

In response to the Amended Complaint, the County filed a motion to dismiss, (Doc 39) which the district court granted. (Doc 78-Pgs 1,6)

The remaining Appellees Frank and Baker filed answers and defenses. (Doc 42) (Doc 80)

On May 3, 2019, the Appellant filed a motion to strike Appellee Frank's answers and objection to Appellant's first set of interrogatories. (Doc 56) After directing Frank to respond, (Doc 75) and Frank responded (Doc 79) the district court denied the motion to strike. (Doc 94-Pgs 1, 3)

On September 19, 2019, Appellant filed a motion to compel discovery regarding Appellee Frank's 20th and 21st objections to Appellant's 20th and 21st interrogatories, seeking information concerning her policymaking authority. (Doc 82 – Pgs 10, 11) Upon the Appellees filing of amended responses, one of which she stood on her objection, (Doc 86 – Pgs 8, 9) the district court denied the motion as moot. (Doc 109 – Pgs 1, 2)

During the course of the proceedings and the litigation of this case, the Appellant filed a notice of possible reason for disqualification or recusal of the Honorable Charlene E. Honeywell, the district court judge assigned to this case. (Doc 89) However, Appellant's suggestion, construed as a motion for recusal, was denied. (Doc 97)

On February 7, 2020, the Appellees Frank and Baker filed a joint motion for summary judgment. (Doc 112) The motion was granted, (Doc 164 – Pg 1) and judgment was entered in their favor. (Doc 165)

On July 30, 2020, the Appellant filed a Motion to Alter or Amend Judgment. (Doc 166) The motion was denied on November 2, 2020, (Doc 170) and this appeal ensued.

## STATEMENT OF THE FACTS

Proceeding pro se, Appellant filed an amended civil rights complaint in the U.S. Middle District Court of Tampa, Florida, naming a clerk of circuit court, Pat Frank, her deputy clerk, Edwina Baker, and Hillsborough County as defendants. (Doc 34 Pg 1) The Amended Complaint alleged the following. While at Union Correctional Institution, selecting venue and his choice of forums in Hillsborough County, under the sword-wielder doctrine, because the Florida Parole Commission (FPC) violated his right to proper consideration for parole at its meeting held in Tampa, Florida on June 20, 2013, Appellant sought to file a mandamus complaint and other documents in Hillsborough County Circuit Court on May 30, 2014. (Doc 43- Pg 1, 2) However, without directions from a judge, Defendant Baker intentionally rejected the complaint, refused to file it, and returned it to Appellant on June 2, 2014, along with a letter that stated "we are unable to locate the case you have referenced…Please provide a case # (felony). If not known provide your full name and D.O.B." (Doc 31 – Pg 3) On June 6, 2014, again seeking to file his mandamus complaint in Hillsborough County, Appellant sent a letter, all documents and an affidavit to proceed without any payment of court cost and fees to Defendant Frank and advised her that her deputy clerk had returned them, thinking Appellant was seeking to file them in a criminal felony case already on file. (Doc 34- Pgs 3, 4) Between June 9 and June 13, 2014, the Defendants, without

9

directions from a judge, again refused to file Appellant's mandamus complaint and transferred it to Pinellas County Circuit Court, where Appellant was originally convicted and sentenced. Id. However, the transfer was to the wrong court. Id. Not knowing the Defendant had transferred the original complaint to another court, on June 18, 2014, Appellant mailed to Hillsborough County Circuit Court for filing an amended mandamus complaint. Id. However, on June 23, 2014, Defendant Baker also rejected the amended complaint, refused to accept it for filing, and returned it to Appellant, stating that all of his (felony) cases were in Pinellas County. (Doc 34 – Pgs 4, 5) The complaint alleged that Defendants Frank and Baker knew or should have known that Appellant was not seeking to file his mandamus complaint in any criminal felony case, because his legal documents or papers showed otherwise, and his letter, sent to the Defendant Frank so indicate this on June 6, 2014. Id. Shortly after the unlawful transfer, the Pinellas County Circuit Court dismissed Appellant's mandamus complaint for improper venue. Id. Whether Appellant's selection of venue in Hillsborough County was right or wrong, he has the right to initially select venue. Id. Appellant had a one-year deadline to file his mandamus complaint in Hillsborough County Circuit Court against the FPC, he missed the deadline for filing his complaint in Hillsborough County court, as a result of the Defendants refusing to file the complaint and transferring it to the wrong court where it was dismissed, and he was forever

10

precluded from pursuing his cause of action in Hillsborough County, his choice of forums and venue, for the FPC considering improper things in denying him parole. (Doc 34 – Pg 2) While the complaint alleges that to Appellant's best belief and knowledge, Defendant Frank had established, adopted or utilized an unwritten policy, practice or custom for the clerk and deputy clerks of Hillsborough County Circuit Court to refuse to accept for filing inmate complaints against the FPC and to transfer said complaints, without directions from a judge, to the court in which the inmate was convicted, (Doc 34 – Pgs 2, 3) it also alleged that in refusing to accept Appellant's papers for filing, Defendant Baker was acting pursuant to an unwritten policy, practice, or custom adopted, utilized, or established by the Defendant Hillsborough County and/or Pat Frank, the Clerk  of Hillsborough County Circuit Court. (Doc 37-Pg 6) Finally, Appellant alleged that the acts of the defendants violated his First Amendment right of access to the courts and his state created right to initially select venue, in violation of the 14th Amendment, and he alleged a request for damages. (Doc 34 –Pgs 7, 8)

While moving to dismiss Appellant's Amended Complaint pursuant to Fed.R.Civ.P. 12(b)(6), on ground that he failed to make any substantive allegations against the County or any of its employees, the County admitted or asserted that the only potential allegations of the complaint are those in paragraph six, charging that to Appellant's best belief and knowledge the County and/or Defendant Frank

11

had established, adopted or utilized an unwritten policy, practice or custom for the clerk and deputy clerks to refuse to accept for filing inmate complaints against the FPC and to transfer said complaints, without directions from a judge, to the court to which the inmate was convicted. (Doc 39 – Pg 2)

After posing the sole question to be whether the Clerk of the Circuit Court in Hillsborough County is a policymaker for Hillsborough County in accepting and filing mandamus complaints, (Doc 78 – Pg 4) the district court dismissed the County from this case on ground that the County has no authority to control Defendant Frank in her function of accepting complaints and petitions for filing with the courts and she is not a policymaker for the County with regard to that function. (Doc 78 – Pg 6) The district court said that Defendant Frank is not a final policymaker for the County because she is an independently elected constitutional officer rather than an employee of the County. (Doc 78 – Pg 5) The district court appears to have also based its decision on ground that Defendant Frank acts as an arm of the judicial branch in accepting complaints for filing with the courts. (Doc 78 – Pgs 5, 6)

In answering the allegations of the Amended Complaint, while the Appellees Frank and Baker denied being responsible for reviewing and filing mandamus complaints, Appellee Baker admitted that she was familiar with the procedure for filing pleadings in the Hillsborough County Clerk's Office. (Doc 34 – Pg 2; Doc

42 – Pg 2; Doc 80 – Pg 2) They both denied that such a policy, practice or custom existed, as alleged in paragraph six of the Amended Complaint. (Doc 34 – Pgs 2, 3; Doc 42 – Pg 2; Doc 80 – Pg 6) While Appellees Frank and Baker denied Appellant's allegation that his selections and choice of forums in Hillsborough County was based upon the sword-wielder doctrine, (Doc 34 – Pg 3; Doc 42 - Pg 2; Doc 80 – Pgs 2, 3) Appellee Frank did not deny that Plaintiff attempted to file a complaint for mandamus against the FPC in the 13th Judicial Circuit Court and that her office, believing that venue lay in Leon County, returned the complaint to Appellant. (Doc 37 – Pg 3; Doc 42 – Pg 2) Appellant Baker admitted her correspondence with Appellant dated June 2, 2014, and June 23, 2014, but denied that she rejected the complaint, refused to accept it for filing, and returned it to the Appellant. (Doc 34 – Pg 3; Doc – 80 Pgs 2, 3,) Although Appellees dispute the allegations in paragraph eight of the complaint, Appellee Frank "admits returning the pleadings which the Plaintiff attempted to file in 2014." (Doc 34 – Pgs 3, 4; Doc 42 – Pg 3; Doc 80 – Pg 3) They denied that between June 9, and June 13, 2014, without directions from a judge, they again refused to file the complaint and transferred it to Pinellas County Circuit Court where Appellant was convicted and sentenced. (Doc 34 – Pg 4; Doc 42-Pg 3; Doc 80 – Pgs 3, 4) While they denied Appellant's allegations in paragraph 10 of the complaint, Appellee Baker admitted the June 23, 2014, correspondence associated therewith. Id. The Appellees also disputed

Appellant's allegation that they knew or should have known that Appellant was not

seeking to file his mandamus complaint in any criminal felony case, as his legal

documents or papers showed otherwise, and his letter dated June 6, 2014, sent to

the Appellee Frank so indicated. (Doc 34 – Pgs 4, 5; Doc 42 – Pg 3; Doc 80 – Pg

4) While the Appellees denied that shortly after the unlawful transfer, the Pinellas

County Circuit Court dismissed Appellant's mandamus complaint, based on her

review of the order the Pinellas County Sixth Judicial Circuit Court, Appellee

Baker admitted that the complaint was dismissed for failure to allege exhaustion of

administrative remedies, improper venue, and then reversed by the (Florida)

Second District Court of Appeal. (Doc 34 – Pg 5; Doc 42 – Pgs 4, 5; Doc 80 – Pg

3) They also disputed Appellant's allegation of the Amended Complaint, stating

that whether or not Appellant's selection of venue in Hillsborough County was

right or wrong, Appellant has a right to initially select venue. (Doc 34 – Pg 5; Doc

42 – Pg 3; Doc 80 – Pg 5) They admitted that proper venue is a waivable defense

and is not mandatory in a civil action; thus, the FPC could have technically waived

improper venue had Appellant's complaint been filed in Hillsborough County

Circuit Court. Id. However, they denied that Appellant had a one-year deadline to

file his complaint in Hillsborough County Circuit Court against the FPC and as a

result of their refusal to file the complaint and transferring it to the wrong court,

where it was dismissed, Appellant missed the filing deadline. (Doc 34 – Pgs 5, 6;

Doc 42 – Pg3; Doc 80 – Pg 5) They disputed Appellant's allegation that he was forever precluded by their conduct from pursuing his cause of action in Hillsborough County Circuit Court, his choice of forums and venue, for the FPC considering improper things in denying him parole. (Doc 34 – Pg 6; Doc 42 – Pg 3; Doc 80 – Pg 6) The Appellees also disputed Appellant's allegation of the complaint, stating that in refusing to accept Appellant's papers for filing, Appellee Baker was acting pursuant to an unwritten policy, practice or custom adopted, utilized or established by the County and /or Pat Frank, the Appellee Clerk of Court. Id.

The Appellee Frank asserted three of four defenses contending Appellant's Amended Complaint fails to state a claim upon which relief could be granted. (Doc 42 – Pgs 4, 5) Appellee Baker asserted two of three defenses contending the same, based on the same identical grounds. (Doc 80 – Pgs 6, 7) As grounds for her defense, the Appellee Frank asserted that Appellant does not allege facts showing the Defendant maintained the policy pled in the Amended Complaint; Appellant pleads only the act of a single person, identified only as a deputy clerk, who refused the pleadings of one inmate, and transferred those pleadings to another court, specifically for filing; the Appellant does not allege facts showing that the Defendant personally performed any act which violated Appellant's constitutional rights, and as a matter of law she may not be held liable under the theory of

respondent superior; and that Appellant could have petitioned in 2014 for a writ of mandamus to compel the Defendant to accept Appellant's pleadings, requested a change of venue from Pinellas County Circuit Court, and could have filed his original petition in Leon County. (Doc 42 – Pgs 4, 5) In addition to the last preceding ground raised by Appellee Frank, Appellee Baker asserted that she took no action which deprived Appellant of any right provided by the laws of the United States. (Doc 80 – Pgs 6, 7) Both Appellees' asserted qualified immunity from suit. (Doc 42 – Pg 6; Doc 80 – Pg 7)

The Appellees Frank and Baker argued that they are entitled to summary judgment for the following reasons: (1) the Plaintiff does not allege the violation or deprivation of rights or a right secured under the United States Constitution or federal law (Doc 112 – Pg 9); (2) the Defendants did not deprive Plaintiff of his access to courts or his right to select venue (Doc 112 – Pg 11); (3) accepting for purpose of the motion that the Defendants returned the complaint to Plaintiff to request more information and sent the complaint to Pinellas, the Plaintiff cannot prevail because there is no proof that those actions were done pursuant to a policy, practice or custom (Doc 112 – Pg 12); and (4) even assuming a constitutional violation, summary judgment must be granted for Appellee Frank, because supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates on the basis or respondent superior; and (5) there is no proof that

the Defendant Frank personally participated in any conduct that the Plaintiff alleges denied him a federal right. (Doc 112 – Pgs 12, 13)

The Appellees argued that the Plaintiff has cited no federal right to venue in a particular court within a state and there is no federal statute which gives Plaintiff a right to file a state appeal in a particular state court. (Doc. 112-Pgs. 2, 10) The Plaintiff's mandamus complaint was filed but not in the venue which he initially selected. (Doc. 112- Pgs. 1, 2) A circuit court considered the petition and dismissed it for improper venue, holding that the case could not have been filed except in Leon County. Id. Plaintiff's appeal resulted in the granting of his petition for writ of certiorari but, agreeing that the case could only be heard in Leon County, the state appellate court ordered the complaint transferred thereto. Id. They argued that the Pinellas County Circuit Court transferred the complaint to Leon County Circuit Court, where it was again dismissed because Plaintiff had been previously prohibited from filing in that court without counsel, and accordingly, it was therefore undisputed that the Defendants have taken no action which denied Plaintiff of access to the courts. Id.

The Appellees also appear to have based their motion for summary judgment on ground that there are no facts from which an inference may be drawn to support the conclusion that because venue can be waived, Appellant might have been able to pursue his claims in Hillsborough County because the Department of

17

Corrections, which defended the appeal from the Pinellas County judgment in the Second District Court of Appeal, might have waived or neglected to object to venue in Hillsborough County, a claim (allegedly) made by the Appellant. (Doc. 112-Pg 11) However, Appellant never made such a claim. He merely alleged in the Amend Complaint, which the Appellees admitted, that proper venue is a waivable defense and is not mandatory in a civil action; thus, the FPC could have technically waived improper venue had the complaint been filed in Hillsborough County Circuit Court. (Doc 34-pg5; Doc 42-Pg 3; Doc 80-Pg 5)

The Appellees admitted that "The Plaintiff claims, correctly, that under controlling Florida law he was entitled to the initial choice of venue." (Doc 112-Pg 2) They also admitted that "Fla. Stat. § 95.11 (5) (f) requires that a petition for extraordinary writ brought by ... a prisoner be filed within one year (Doc 112-Pg 4)

For purposes of their motion they treated as established and undisputed the sending and contents of the letter dated June 2, 2014, by the Appellee Baker. (Doc 112-Pgs 4, 5) They asserted that it is undisputed that Appellant's complaint was never filed and could not be transferred (Doc 112-Pg 6); that had it been filed, the complaint could only be transferred by the judge presiding over the case; and that neither the Clerk nor her deputies possess the power to transfer a case once it is filed. Id. They asserted that they do not dispute

that Appellant's complaint should have been accepted for filing as a petition for writ of mandamus, Id., and they accept for the purposes of their motion that they returned the pleadings under the letters of transmission produced by Appellant. (Doc. 112-Pg 10)

The Appellees contended that there is no proof that the Clerk's office transfers cases under any circumstances, (Doc. 112-Pg 11) and nor could there be because the Clerk has no power to do so. Id. They further contended that neither is there any proof that the Clerk refuses to accept cases which appear to be filed in the wrong court. Id.

They averred that the Appellant does not allege that he was affected by an official policy, and there is no proof to support his conclusory allegation that to his best belief and knowledge, the Defendants had established or adopted or utilized an unwritten policy, practice or custom for the Clerk and Deputy clerks of Hillsborough County Circuit and County Courts to refuse to accept for filing inmate complaints against the FPC and to transfer said complaints. (Doc. 112-Pg 12) They averred that accepting for the purposes of their motion that they returned the complaint to Appellant requesting more information, and that they sent the complaint to Pinellas, the Appellant cannot prevail because there is no proof that those actions were pursuant to a policy, practice or custom, and that the Appellant

19

has alleged only the occurrence of a single, isolated incident that, as a matter of law, cannot impose liability upon them. Id.

Finally, Appellee Frank asserted that there is no proof that he personally participated in any conduct that the Plaintiff alleges denied him a federal right, and that Appellant does not allege and has not shown any specific act connecting him to a violation of Appellant's First or 14th amendment rights. (Doc. 112-Pgs 12, 13)

As grounds for their motion for summary judgment, the Appellees did not contend that there is no evidence that either Baker or Frank transferred the complaint to Pinellas County, that the Appellant failed to show that the denial of access to court prejudiced him in a criminal appeal, post-conviction matter, or in a civil rights action under 42 U.S.C. §1983 to vindicate basic constitutional rights, or that their failure to file his complaint did not actually injure him and therefore does not give rise to a first amendment access to the courts claim. (Doc. 112-Pgs 1-13) Nor did they contend that Appellant has provide no evidence that his challenge to the FPC's June 2013 proceeding was forever time-barred under the one-year statute of limitations because they failed to file the complaint, and they did not contend that Appellant has failed to present evidence that their failure to file his complaint rendered any available state court remedy ineffective. Id. Moreover,

---

[1] As a matter of fact, For the purposes of their motions, they conceded they transferred the complaint to Pinellas County. (Doc 131-Pg 2)

although the district court notified Appellant of the Appellees' motion for summary judgment, as well as the need to respond there to, the court did not notify Appellant that it would be considering and determining any of the grounds not raised in the motion and that Appellant needed to present evidence thereon. Id.

During discovery, the Appellant obtained answers to his first set of interrogatories to Appellee Frank, numbers 1 and 14, stating to the first question, "[t]he Clerk who returned the pleadings which the Plaintiff attempted to file is the Defendant Edwina baker," (Doc.-86-Pgs 1, 2) and stating in relevant part, to interrogatory number 14, "The Defendant's deputy clerk returned the pleading to the Plaintiff, because, after reviewing the contents of the petitions and its attachments, the deputy clerk determined that the petition should be filed in Pinellas County. The Plaintiff attempted to file the petition a second time. The Defendant's deputy again did not file the pleading but transmitted it to [the] circuit court for the Sixth Judicial Circuit. The petition was dismissed by that court." (Doc. 79- Pg 8) "The deputy clerk who returned and then transferred the Plaintiff's pleadings did not do so pursuant to the Defendant's policies, written or unwritten.... In fact, the Defendant's policy is not to return or transfer pleadings based on improper venue. The deputy clerk who returned and then transferred the Plaintiff' pleadings acted in violation of the Defendant clerk's policy." (Doc 79-Pg 10)

By Appellee Baker's first answer to Appellant's first set of Interrogatories, Appellant discovered that "[i]n that time period including June of 2014, it was the practice of the criminal division of the clerk's office to return pleadings received without a case number, to the person seeking to file them unless[they] could identify the case from [their] court records." (Doc. 124-Pg 8, Exhibit F).

In opposing summary judgment, although for purposes of the motion, the Appellees conceded they transferred the complaint to Pinellas County Circuit Court, the Appellant referred to specific interrogatory answers from Appellee Frank, indicating Baker transferred the complaint. (Doc. 124-Pgs 3, 9) The same evidence to this effect is Frank's first amended answer,[2] (Doc. 86-Pgs 1,2) in conjunction with her 14th answer to Appellant's first set of Interrogatories. (Doc. 79-Pgs 11, 13) Appellant also referred to Appellee Baker's correspondence dated June 23, 2014, and July 10, 2014, as evidence from which it could be reasonably inferred that Baker transferred the complaint. (Doc. 124-Pg 15)

Opposing the motion, appellant cited to specific interrogatory answers of the Appellee Baker, indicating that Appellant's complaint was refused for filing in Hillsborough County Circuit Court by Appellee Baker pursuant to a practice or policy of the office of the Clerk of Court to return pleadings to the person seeking

---

[2] The district court ruled that the first amended answer to Appellant's first set of Interrogatories to Appellee Frank (erroneously identified as "Defendant Baker") was sufficient. (Doc. 129-Pgs 1, 2 )

22

to file them if the clerk could not identify the case from their court records. (Doc 124-Pg 16)

Regarding the Appellee Frank's personal participation in the refusal to file the complaint, Appellant cited to evidence of her policy or practice of returning pleadings to the sender when they are received in the criminal division without a case number and could not be identified from their records. (Doc 124 Pgs 21, 22) The Appellant also referred to Appellee Frank's answer to the Amended Complaint, stating "The Defendant admits returning the pleadings which the Plaintiff attempted to file in 2014." (Doc 124 – Pg 7) Finally, the Appellant referred to the Appellee Baker's answer to his second set of interrogatories, stating that the Defendant Frank knowingly permitted her deputies to return pleadings received in the criminal division without a case number, to the person seeking to file them. (Doc 124 – Pg 10)

The Appellant presented evidence that mandamus complaints have been filed in Hillsborough County Circuit Court against the Florida Parole and Offender Review Commission. (Doc 124 – Pgs 11, 12)

He filed an affidavit opposing the Appellee's motion for summary judgment, averring therein that had his complaint been filed in Hillsborough County and an issue been raised concerning proper venue, he would have sought venue in any

county where venue was proper under the sword-wielder doctrine. (Doc 124 – Pgs 4, 5)

Also, citing the controlling Florida common law, the Appellant argued venue, when not objected to, is appropriate in any court having jurisdiction. (Doc 124 – Pg 19) However, the question of venue may be raised against the plaintiff if the defendant invokes the right to be sued in some other county. Id. He argued that it is the responsibility of the court where the proceedings are pending to rule on the propriety of venue, and in the case at bar, it should have been Hillsborough, not Pinellas, County. (Doc 124 – Pgs 19, 20) Appellant argued that under Florida law, he has the right unilaterally to select a proper venue after filing in the wrong venue, when venue might have been laid in two or more counties. Id.

It is undisputed that the Florida appellate court held that venue was also proper in Union County under the sword – wielder doctrine. (Doc 112 – Pg 8; Doc 124 – Pg 10)

The Appellees presented no evidence that the FPC properly objected to venue in Hillsborough County by doing so in the trial court. (Doc 112 – Pgs 1-13) And although the Circuit Court in Pinellas County sua sponte objected to venue and dismissed the complaint, the Circuit Court did not provide Appellant with notice or an opportunity to be heard before it determined venue was proper in Leon County. (Doc 112 -10, Pages 1, 2)

The Appellees did not present any evidence that the one year statute of limitations for filing Appellant's complaint in Hillsborough County Circuit Court had not expired and that Appellant was not forever precluded from bringing his underlying claim in Hillsborough County Circuit Court. (Doc 112 – Pgs 1-13; Doc 124 – Pg 4) Nor did they claim that the Appellant could not prove this claim. (Doc 112 – Pgs 1-13)

Finally, in opposing the Appellees' motion for summary judgment, the Appellant argued that under Florida's statutory and common law, he has a state created right to initially select venue, and once created by the state, the right becomes a liberty interest protected by the due process clause of the 14th Amendment. (Doc 124 – Pg 18)

The district court granted summary judgment on the following grounds: (1) neither Appellee Frank nor Baker forwarded the complaint to Pinellas County (Doc 164 – Pg 2); (2) the language of section 47.011, Florida Statutes, does not create a liberty interest under federal law for individuals who file an action in Florida (Doc 164 – Pg 7); (3) even if the statue creates a liberty interest, there is no evidence that either Baker or Frank transferred the complaint to Pinellas County, Id.; (4) In answering plaintiff's interrogatories, Appellee Baker said she did not transfer the complaint to Pinellas County and Appellee Frank said, they do not know and are unable to determine how the Plaintiff's pleading came to be filed

in Pinellas County. (Doc 164 – Pgs 7, 8); (5) Appellant's interrogatory evidence of Appellee Frank stating that the deputy clerk who returned and then transferred the Appellant's pleadings acted in violation of the clerk's policy is insufficient for a jury to find that either of the Appellees transferred the complaint, especially considering their answers that Appellee Baker did not transfer the complaint and they do not know how it became filed in Pinellas County, Id. ; (6) Appellees' failure to file the complaint did not actually injure the Appellant and therefore does not give rise to a First Amendment access to courts claim because the complaint was a challenge to his parole proceeding and was not an attack on either his sentence or the conditions of his confinement (Doc 164 – Pg 9); (7) even if Appellant's right of access to the courts extended to his complaint for a writ of mandamus proceeding, he was not denied access to the courts because the complaint was considered by the Pinellas County Circuit Court, dismissed by it without prejudice to refile in Leon County, appealed, and reversed with directions to transfer the case to Leon County, where it was dismissed because he had been previously barred from filing pro se complaints therein (Doc 164 - Pg 10); (8) Plaintiff's belief that had the Defendants filed his complaint, the action conceivably could have proceeded in Hillsborough County if the FPC waived its home venue privilege is wholly speculative, Id. ; (9) Appellant has no constitutional right of access to the court of his choice, Id.; (10) Appellees' failure

26

to file the complaint did not prevent Appellant from bringing his claim in the appropriate court, because his complaint was eventually presented to the circuit court in Leon County where the state appellate court determined was the appropriate court to consider his complaint and where the dismissal had nothing to do with the Appellees' failure to file the complaint or its timeliness, but instead was based on sanctions that prevented a review of both his pro se filings and the merits of his complaint (Doc 164 – Pg 11); (11) Appellant has provided no evidence of his contention that his challenge to the FPC's June 2013 proceeding was forever time barred under the one-year statute of limitations; because the Appellant may have been entitled to equitable tolling of the one-year limitation period, he has failed to present evidence that the Appellees' failure to file his complaint actually rendered any available state court remedy ineffective. (Doc 164 – Pgs 11, 12)

The Appellant motioned to strike the Appellee Frank's interrogatory answers on ground that they were not made under oath because the verification page was not attached thereto. (Doc 56) However, a month prior to doing so, the Appellant notified the Appellee Frank, through Frank's attorney, that the verification page was missing. (Doc 82 – Pg 21) However, neither Frank nor her counsel supplied Appellant with the verification page, indicating that such conduct was willful and delaying discovery and the establishment of Appellant's case. It

was not until the Magistrate Judge ordered the Appellee Frank to respond (Doc 77) did counsel for Frank submit the alleged verification page to Frank's interrogatory answers, with no excuse for the omission. (Doc 79 – Pgs 1, 3)

Regarding discovery and Appellee Frank's objection to Appellant's 20th interrogatory of his first set, Appellant asked the following question and received the following objection: "Do you set the policy or policies for the Hillsborough County Clerk of Court Office? The Defendant objects... on grounds of vagueness, relevance, burden and proportionality. The Plaintiff does not identify the specific policy or policies to which he refers." (Doc 82 - Pg 10) As grounds for his motion to compel discovery, the Appellant asserted that the Defendant's objections are general and unsupported and that he does identify the specific policy or policies to which he refers to, which is the policy or policies of Hillsborough County Clerk of Court Office. Id.

Regarding the Appellee Frank's objections to the same set of interrogatories, number 21, Appellant asked, "Do you set the policy or policies for filing mandamus or civil complaints in Hillsborough County Circuit Court? The Appellee Frank objected on grounds of vagueness, claiming she was not aware of what was meant by the policy or policies for filing mandamus or civil complaints in Hillsborough County Circuit Court. (Doc 82 – Pg 11) As ground for his motion to compel discovery, the Appellant asserted that interrogatory is not vague, the

question is plain and clear, and the Appellee Frank has not shown otherwise. Id. Attached to his motion to compel was Appellant's good faith effort to resolve the discovery issues. (Doc 82 – Pg 21, Ex. A)

Meanwhile, during the pendency of the motion to compel, the Appellee Frank submitted and filed amended answers to interrogatories 20 and 21, (Doc 86 – Pgs 8, 9) amended answers the district court decided were sufficient and based its decision to deny Appellant's motion to compel as moot. (Doc 109 – Pgs 1, 2) However, the amended answers did not give Appellant the discovery information he sought. (Doc 86 – Pgs 8, 9)

In fear that she would be prejudiced against him, Appellant suggested Judge Honeywell's disqualification or recusal, after he discovered that she was a circuit court judge of Hillsborough County, while the Appellee Frank served as the clerk of that court and that they were possibly associates. (Doc 89) The Judge ruled that Appellant's belief is insufficient to warrant recusal. (Doc 87)

## STANDARD OF REVIEW

This Court reviews de novo the grant of a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b) (6). Cromartie v. Shealy, 941 F.3d 1244, 1251 (11th Cir. 2019).

A district court's grant of summary judgment is also reviewed de novo. Barr v. Johnson, 777 Fed.Apps. 248, 301 (11th Cir. 2019).

On motion for summary judgment, this court reviews the district court's finding of fact under the clearly erroneous standard of review. Farley v. American Cast Iron Pipe Co., 115 F.3d 1548, 1551 (11th Cir. 1997).

A district court abuses its discretion if it applies the law in an unreasonable manner or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous. Glover v. City of Pensacola, 372 Fed.Appx. 952, 954 (11th Cir. 2010).

The district court's application of law to fact is subject to de novo review. Dekalb Stone v. County of Dekalb, 106 F.3d 956, 958 (11th Cir. 1997).

An appellate court reviews a district court's determination of state-law de novo. Bearint v. Dorell Juvenile, 389 F. 3d 1339, 1345 (11th Cir. 2004).

This court reviews a district court's evidentiary rulings at the summary judgment stage only for abuse of discretion. Wright v. Farouk Sys., Inc., 701 F.3d 907, 910 (11th Cir. 2012).

This court also reviews the denial of a cross-motion for summary judgment de novo. See Thigpen v. Bibb County, 223 F.3d 1231, 1236 (11th Cir. 2000) ("Appellate courts review a district court's disposition of summary judgment motions...de novo.").

A district court's discovery orders are reviewed for an abuse of discretion. See In Re Ford Motor Co., 345 F.3d 1315, 1316 (11th Cir. 2003).

This court reviews a district court's denial of a recusal motion for abuse of discretion. In Re Walker, 532 F.3d 1304, 1308 (11th Cir. 2008).

## SUMMARY OF THE ARGUMENT

The allegations of Appellant's Amended Complaint state a plausible claim against Hillsborough county based on the Appellee, Clerk of Hillsborough County Circuit Court, Pat Frank being the final policy making authority with respect to filing mandamus complaints. Accordingly, the district court erred in dismissing the complaint on ground that Appellee Frank was not a final policymaker for the County with respect to accepting and filing mandamus complaints.

For purposes of their motion for summary judgment, the Appellees assumed they transferred Appellant's complaint to Pinellas County. Thus, because the issue was settled, the district court erred in granting summary judgment on ground that neither Frank nor Baker forwarded the complaint to Pinellas County.

The Appellant never contended that the language of section 47.011 Fla. Stat., creates a liberty interest; instead, he contended that under Florida common law, section 47.011 gives him a right to initially select venue and that under Florida law, without reference to section 47.011, he has a right to initially select venue. Thus, this district court applied the wrong law in determining whether section 47.011 creates a right to initially select venue.

31

In conjunction with her 14th interrogatory answer__ to Appellant's first set of interrogatories, the Appellee Baker's first amended interrogatory answer, which the district court did not consider, is evidence that Baker transferred the complaint.

The district court cannot rely on the Appellees' hearsay interrogatory answers for a finding that they did not transfer the complaint.

In conjunction with the Appellee Frank's first amended interrogatory answer to Appellant's first set of interrogatories, Frank's 14th interrogatory answer is sufficient for a jury to find that Baker transferred the complaint because Baker was identified as the clerk who retuned and then transferred Appellant's pleading.

The Appellees' refusal to file the complaint actually injured the Appellant because the complaint was time barred from being filed in Hillsborough County, dismissed by Pinellas County Circuit for improper venue without affording Appellant his due process right to notice of hearing and an opportunity to be heard and to select the alternative proper venue before the dismissal, transferred to a court which was prejudiced against him and which dismissed the complaint, and because his claims were in the nature of a civil action concerning prison conditions, a habeas corpus and/or civil rights action, and a collateral criminal proceeding, giving rise to a First Amendment access to the courts claim.

Although the complaint was considered by the Pinellas County Circuit Court, it was not considered on its merits, and although that court dismissed the

complaint without prejudice to refiling in Leon County Circuit Court, the complaint was subject to being dismissed as time barred because the one-year statute of limitations had run.

Although the Appellant alleged in his complaint that venue is a waivable defense, he did not attempt to file his complaint in Hillsborough County based on the belief that the FPC would waive improper venue.

The Appellant never contended that he has a constitutional right to the court of his choice. Instead, he contended that he has a state created right to initially select venue, protected by the due process clause of the Fourteenth Amendment.

The Appellees' refusal to file the complaint prevented Appellant from bringing his claim in the appropriate alternative court, that is, Union County Circuit Court, under the sword-wielder doctrine, in the event a proper objection was made in the circuit court of Hillsborough County.

The Appellees did not raise as grounds for summary judgment that the Appellant had provided no evidence that his challenge to the FPC's June 2013 proceeding was forever time barred and that he has failed to present evidence that their refusal to file his complaint actually rendered any available state court remedy, such as equitable tolling, unavailable, thus, the Appellant was not required to present such evidence and the district court should not have relied on said

grounds when it made its decision. On the other hand equitable tolling is not available in civil actions in Florida.

The district court abused its discretion in not considering or in denying Appellant's cross-motion for summary judgment on his 14th Amendment claim, because there are no genuine issues of material fact and he is entitled to judgment as a matter of law.

Because counsel was notified that the verification page was missing from Appellee Frank's answers to Appellant's first set of interrogatories and counsel refused to supply said page for several months after being notifies and gave no reason for the omission, prejudicing the pro se Appellant, the district court abused its discretion in refusing to strike Frank's answers or impose a discovery sanction and in finding that the withholding of the verification page was not deliberate.

Because counsel stood on his general and unsupported vague, relevance, burden and proportionality objections in Frank's amended response to Appellant's 20th interrogatory, (Doc 86 – Pg 8) the district court abused its discretion in denying Appellant's motion to compel discovery as moot on ground that Frank's amended answer sufficiently responded to Appellant's 20th interrogatory. (Doc 109 – Pgs 1, 2)

Because Frank's amended answer is also insufficient to justify counsel's objection to interrogatory number 21 on ground of vagueness and does not answer

the question, (Doc 86 – Pg 9) the district court also abused its discretion in denying Appellant's motion to compel discovery as moot, also on ground that Frank's amended answer is sufficient.(Doc 109 – Pgs 1, 2)

Because the district court termed Appellant's ground for disqualification or recusal to be conjecture, the district judge passed upon the truth or falsity of the facts alleged. Moreover, Appellant alleged sufficient facts to lead a reasonable person to believe that Judge Honeywell's impartially might reasonably be questioned. Thus, the district court should have granted Appellant's motion for disqualification or recusal of judge.

ARGUMENT

ISSUE I

In <u>Brown v. City of Fort Lauderdale,</u> 923 F.2d 1474, 1482 (11th Cir. 1991), this court reversed an order dismissing the plaintiff's 42 U.S.C. §1983 claims (for employment discrimination) against city officials on the grounds that its task is not to determine who, in fact, wields final policy-making authority but only to consider whether plaintiff has alleged sufficient facts to withstand the city's motion to dismiss.

A county can be held liable for a single decision by an official who has final policymaking authority with respect to the decision at issue. <u>Pembaur v. City of Cincinnati,</u> 475 U.S. 469, 480, 483 (1986). A plaintiff may demonstrate that a

35

policy or custom exist by identifying an action by a decision maker who possesses final authority to establish municipal policy with respect to the action ordered. Quinn v. Monroe County, 330 F.3d 1320, 1325 (11th Cir. 2003).

Appellant's allegation in paragraph 17 of the Amended Complaint is sufficient to withstand the County's motion to dismiss and support a finding that Appellant suffered a constitutional deprivation resulting from an established policy, practice or custom of the Appellee Frank.

In Hoefling v. City of Miami, 811 F.3d 1771, 1780 (11th Cir. 2016), this Court held that the plaintiff's need not identify who precisely was the final policymaker in their complaint, because that inquiry is fact sensitive and requires development of the record. The Court held that the final policymaking authority theory of municipal liability is much more appropriately resolved at the summary judgment stage. Id. at 1280.

Wherefore, based on the foregoing, the district court's order granting the county's motion to dismiss should be reversed.

ISSUE II

A. While there may be no evidence that the Appellee Frank transferred the complaint to Pinellas County, there is evidence that Appellee Baker transferred the complaint. Said evidence consists of Appellee Baker's first amended answer in conjunction with her 14th answer to Appellant's first set of interrogatories.

Moreover, there are facts and evidence from which it can be reasonably inferred that she transferred the complaint. The facts and evidence consist of the letters or correspondence she wrote to Appellant and the communication in them, telling Appellant his criminal cases are all in Pinellas County and he must file therein, coupled with the refusals to file Appellant's mandamus complaints.

The district court's finding that "neither Defendant Frank nor Defendant Baker forwarded the complaint to Pinellas County" is clearly erroneous because it is based on their answers to Appellant's interrogatories and thus constitutes hearsay. The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment. FTC v. Lanier Law, LLC, 715 Fed.Appx. 970, 978 (11th Cir. 2017). Their interrogatory answers are inadmissible hearsay because they are out-of-court statements offered for the truth of the matter asserted, i.e., they did not transfer Appellant's complaint to Pinellas County Circuit Court. See Fed.R.Evid. 801 (c), 802; Luster v. Ill. Dep't of Corr., 652 F.3d 726, 731 n.2 (7th Cir. 2011) ("[A] party cannot use his own interrogatory answer, which is almost certainly hearsay when offered by that party himself to prove the truth of its contents, to support or oppose summary judgment."); Gross v. Bruggrat Constr. Co., 53 F.3d 1531, 1541-42 (10th Cir. 1995); cf Kirk v. Raymark Indus., Inc., 61 F.3d 147, 167-168 (3rd Cir. 1995) (concluding that self-serving answers to

interrogatories do not have sufficient guarantees of trust worthiness to fall under the residual exception to the hearsay rule set forth in Fed.R.Evid. 803 (24)).

Moreover, for the purposes of their motion, the Appellees agreed that they transferred Appellant's mandamus complaint to Pinellas County but not pursuant to a policy, practice or custom.

Based on the foregoing, the district court erred in finding that neither Appellee Frank nor Baker forwarded the complaint to Pinellas County and in granting summary judgment on that ground. Accordingly, the granting of summary judgment on the above finding should be reversed.

ISSUE II

B. The district court erred in restricting Appellant's state created common law right to the language of section 47.011, Fla. Stat., and applying this law or standard to determine that the venue statute, section 47.011, does not create a liberty interest.

First of all, the Appellant never claimed the language of the statute creates a liberty interest. Appellant's contention that section 47.011, Fla.Stat., gives him a right to initially select venue was based on Florida common law, citing the statute as the basis for this right. See Friends of Lubavitch/Landow Yeshivah v. Northern Trust Bank, 685 So.2d 951, 952 (Fla. 3rd DCA 1996). (Doc 124 – Pg. 18)

Second, under the State of Florida Supreme Court common law, without reference to section 47.011, the plaintiff has the right to initially select venue. See Inverness Coca- Cola Bottling Co. v. McDaniels, 78 So.2d 100, 102 (Fla. 1955).

Also, the Appellees agreed that under Florida's controlling law, the Appellant has the right to initially select venue. (Doc 112 – Pg 2)

Based on the foregoing, the district court applied the wrong law in determining that Appellant has no state created right to select venue, the district erred in deciding the issue because the Appellees had admitted it, and the district court erred in granting summary judgment.

ISSUE II

C. Again, for purpose of their motion, the Appellees agreed that they transferred the complaint to Pinellas County. Accordingly, no evidence is needed because the issue is settled and is not being disputed by the Appellees for the purpose of their motion.

On the other hand, in opposing the Appellees' motion for summary judgment, the Appellant referred to the following interrogatory answers of Pat Frank, Appellee Baker's supervisor, as evidence that Appellee Baker transferred the complaint: Amended interrogatory answer number one to Appellant's first set of interrogatories wherein Pat Frank stated," The Clerk who returned the pleadings which the Plaintiff attempted to file is he Defendant Edwina Baker," in conjunction

with interrogatory number 14 wherein Pat Frank also stated, in relevant part, "The deputy clerk who returned and then transferred the Plaintiff's pleadings did not do so pursuant to Defendant's policies...The deputy clerk who returned and transferred the Plaintiff's pleadings acted in violation of the Defendant clerk's policy." In conjunction, these interrogatory answers are evidence, or evidence from which it can be reasonably inferred, that the Appellee Baker transferred the complaint. Accordingly, the district court erred in granting summary judgment on ground that there is no evidence that the Appellee Baker transferred the complaint to Pinellas County, as the evidence is sufficient for a jury finding that she did so.

ISSUE II

D. The district court also erred in granting summary judgment based on Appellees' subsequent answers to Appellant's interrogatories. There is persuasive authority holding that answers to interrogatories are judicial admissions that generally estop the answering party, in this case Appellee Frank, from later seeking to assert positions omitted from, or otherwise at variance with, those responses. Wechler v. Hunt Health Sys. Ltd., 1999 U.S. Dist. LEXIS 132165, (S.D.N.Y. Aug. 27, 1999). Appellee Baker's interrogatory answer stating that she did not transfer the complaint is offered or considered for the truth of the matter asserted and is inadmissible hearsay.

Moreover, in considering the Appellees' subsequent interrogatory answers, the district court made a credibility determination in violation of <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and failed to resolve its doubts concerning the transfer of the complaint in favor of the Appellant. See <u>Sledge v. Goodyear Dunlop Tires of North America Ltd.</u>, 275 F.3d 1014, 1019 (11th Cir. 2001 ("All reasonable doubts about the facts should be resolved in favor of the non-movant.").

ISSUE II

E. While the Appellee Frank's 14th interrogatory answer stating that "[t]he deputy clerk who returned and then transferred the Plaintiff's pleading acted in violation of the Defendant clerk's policy," considered alone, may not be evidence that she transferred the complaint, considering the answer in conjunction with Appellee Frank's first amended interrogatory answer stating that "[t]he clerk who returned the pleadings which the Plaintiff attempted to file is the Defendant Edwina Baker," the 14th answer does specify or imply that Baker transferred the complaint, and is evidence that she transferred it. Accordingly, contrary to the decision of the district court, there is sufficient evidence for a jury to find that the Appellee Baker transferred the complaint to Pinellas County. The district court abused its discretion in failing to consider the interrogatory evidence, and erred in granting summary judgment.

Wherefore, based on the foregoing, the district court erred in granting summary judgment on Appellant's Fourteenth Amendment violation claim, and the same should therefore be reversed.

ISSUE II

F. The Appellees did not move for summary judgment on ground that the Appellant's mandamus complaint is not an attack on either his sentence or the conditions of his confinement and therefore is not within the ambit of protected access to the court. Also, the district court did not give Appellant notice that it may grant summary judgment on that ground, and it did not advise the Appellant to present all fact and arguments that would preclude summary judgment. Accordingly, the district court should not have granted summary judgment on the above ground. See Judwin Properties, Inc. v. United States Fire Ins. Co., 973 F.2d 432, 436-37 (11th Cir. 1992) (reversing the sua sponte granting of summary judgment).

However, without waiving the Appellees' failure to raise the ground and the district court's aforesaid failure, it has been held that "[a] challenge to parole procedures is a civil action with respect to prison conditions..." Martin v. Iowa, 725, 727 (8th Cir. 2014). Also, under this Court's precedent, a challenge to the denial of parole or parole eligibility is in the nature of a §1983 civil rights action, if not a habeas corpus. See Gwin v. Snow, 870 F.2d 616, 624-25 (11th Cir. 1989).

This Court has also held that "[a] n example of a challenge to the execution of a sentence would be an attack on the decision of the ...parole board to deny parole. Antonelli v. Warden, 542 F.3d 1348, 1352 (11th Cir. 2008).

Moreover, under Florida law, Appellant's mandamus complaint is a "collateral criminal proceeding" as it challenges not only the denial of parole but also parole proceedings. See Brooks v. Fla. Parole Comm'n, 948 So.2d 801 (Fla. 1st DCA 2006). The Florida Supreme Court has defined a collateral criminal proceeding as including any action that results in an inmate's prison time being directly affected. See Schmidt v. Crusoe, 878 So.2d 361, 366 (Fla. 2003).

Under Lewis v. Casey, 518 U.S. 349, 354-355 (1996), a prisoner's right of access to the courts includes collateral attacks, regardless of whether the attack is brought in state or federal court.

Based upon the foregoing, the district court erred in granting summary judgment on ground that the Appellees' failure to file the complaint did not injure the Appellant and therefore does not give rise to a First Amendment access to courts claim because the complaint was a challenge to his parole proceedings and was not an attack on either his sentence or the conditions of his confinement.

ISSUE II

G. Although the complaint was considered by Pinellas County Circuit Court, it should not have been. The complaint should have been considered by the court in

the venue which Appellant exercised his right to select, Hillsborough County. Moreover, the complaint was not considered on its merits by the Pinellas County Circuit Court, and in dismissing the complaint, although the dismissal was reversed, the Pinellas County Circuit Court did not provide Appellant with his due process rights to notice or an opportunity to be heard before deciding venue was proper in Leon County, prior to dismissing the complaint, thereby frustrating or impeding the pursuit of Appellant's underlying claim in Union County, a court in which he could have filed, under the sword-wielder doctrine.[3] On motion for summary judgment, the Appellees admitted that the complaint should have been filed in Hillsborough County.

In addition, although the case was reversed, it was done do with adverse consequences. It was not reversed with direction for Pinellas County Circuit Court to provide Appellant notice and an opportunity to be heard concerning his choice of venue; instead, it was reversed with directions to forward Appellant's complaint to court that had previously prohibited his pro se filings therein and, as a result, dismissed his complaint again. Moreover, the statute of limitations had run for filing the complaint in Leon County.

---

[3] Assuming a proper objection to venue, and not a waiver, by the FPC, Appellant submits that under Florida law, he has the right unilaterally to select a proper venue after filing in the wrong venue, when venue might have been laid in two or more counties. See Mawr Ocean Resorts, Inc., v. Key Largo Ocean Resorts Co-Op., Inc., 433 So.2d 1218, 1218 (Fla. 3rd DCA 1983).

Based on the foregoing, the district court erred in granting summary judgment on grounds that the complaint was considered by Pinellas County Circuit Court, appealed, reversed, and subsequently dismissed because Appellant was barred from filing in Leon County Circuit Court.

ISSUE II

H. Nowhere does the Appellant contend that he selected venue in Hillsborough County under the sword-wielder doctrine, believing the FPC might waive venue. He merely alleged in his Amended Complaint that proper venue is a waivable defense and is not mandatory and that the FPC could have technically waived it, had the complaint been filed in Hillsborough County.

During discovery, Appellee Frank admitted that "mandamus complaints have been filed in Hillsborough County Circuit Court against the [FPC] and the Offender Review Commission," which is indicative that the FPC, may have, on some occasions, waived its home venue privilege. However, Appellant did not feel the need to submit this evidence in opposition to the Appellees' motion for summary judgment, because he was not making the contention in question.

Furthermore, even if the FPC would have objected to venue in Hillsborough County Circuit Court, had the complaint been filed therein, the Appellant had the right to select the proper venue again; and he submitted an affidavit opposing Appellees' motion for summary judgment on ground that he would have selected venue in Union County.

Thus, based on the foregoing, to the extent that it did so, the district court erred in granting summary judgment on ground that the Appellant opined that the FPC would waive venue and that on appeal the FPC implicitly asserted its home venue privilege.

ISSUE II

I. The Appellant never claimed that he has a constitutional right to a court of his choice. He only claimed that he has a state created common law right to initially select venue, which right is protected by the due process clause of the 14th Amendment to the U.S. Constitution. Accordingly, the district court erred in granting summary judgment on ground that Appellant is making the above claim.

ISSUE II

J. The Appellees' refusal to file Appellant's complaint in Hillsborough County did prevent him from bringing his claims against the FPC in

46

the "appropriate court." It prevented Appellant from bringing his claims against the FPC in the venue in which he attempted to exercise his right to initially and thereafter select.

Moreover, under Florida law, venue, when not objected to, is appropriate in any court having jurisdiction. State Dept. of Highway Safety and Motor Vehicles v. Scott, 583 So. 2d 785, 786 (Fla. 2d DCA 1991). Accordingly, absent proper objection, venue was appropriate in Hillsborough County Circuit Court.[4]

Accordingly, the district court erred in granting summary judgment on ground that the Appellees refusal to file the complaint in Hillsborough County did not prevent Appellant from bringing his claims against the FPC in the appropriate court. Hillsborough County Circuit Court is the appropriate court, absent proper objection. Moreover, under the sword-wielder doctrine, Union County Circuit Court was also the appropriate court. And it is not within the Appellees' right, duty or authority to determine in which venue or court the Appellant should file, even if all

---

[4] When an agency wishes to challenge a plaintiff's venue selection, it must first raise the issue in a motion to dismiss or an answer", Fish & Wildlife Conservation Comm 'N v. Wilkinson, 799 So. 2d 258, 260 (Fla. 2d DCA 2001), not in an appellate proceeding.

47

of Appellant's criminal cases were in Pinellas County.

ISSUE II

X. As a ground for summary judgment, the Appellees did not assert that Appellant has provided no evidence of his contention that his challenge to the FPC's June 2013 proceeding was forever time barred under the one-year statute of limitations, and the district court never notified Appellant to address this ground. Accordingly, the district court also erred in sua sponte granting summary judgment on this ground, as it was not raised by the Appellees. See Judwin Properties, supra.

However, without waiving the Appellees' failure to raise the ground and the district court's failure to give the required notice and an opportunity to address the issue, in opposing the Appellees' motion for summary judgment, while the Appellant asserted that a genuine issue of material fact was in dispute as to whether he was forever precluded by the Appellees' actions from pursuing his underlying cause of action in Hillsborough County Circuit Court, (Doc 124-Pg4) the Appellees did not contend that there was no evidence to

support Appellant's Assertion, so he did not present any.

Nevertheless, the Appellees admitted that "Fla. Stat. § 95.11(5)(f) requires that a petition for extraordinary writ brought by... a prisoner be filed within one year." (Doc 112-Pg 4) The Appellant presented evidence that the FPC's action occurred on June 20, 2013, which is when the statute of limitations began to run, and that his deadline for filing the mandamus complaint was June 20, 2014. (Doc. 124-Pgs 3,4) The Appellees do not dispute "that Plaintiff's complaint was never filed in Hillsborough County." (Doc 112-Pg 6) Accordingly, the statute of limitations had run for filing the complaint in Hillsborough County, see MOGER v. Fla. PAROLE COMM'N, 22 So. 3d 138, 139 (Fla. 1st DCA 2009) and Appellant is forever precluded from bringing his complaint thereein and, if objected to, selecting venue in Union County.

Mandamus was not an available state court remedy to compel the Appellees to file Appellant's complaint in Hillsborough County because after repeatedly refusing to accept the complaint for filing, Appellee Baker transferred it to Pinellas County Circuit Court where it was filed

on June 13, 2014, where the statute of limitations for filing in Hillsborough County expired eight (8) days later, and where it was dismissed for improper venue. Mandamus will not be used if doing so would constitute a useless act or result in no remedial good. See Thier v. State, 913 So.2d 599, 599 (Fla. 2005); State ex rel. Bergin v. Dunne, 71 So. 2d 746, 749 (Fla. 1954).

Equitable tolling is also not available. The district court's own precedent is that "[e]quitable tolling ... is not available in civil actions in Florida." See Pierson v. Orlando Reg'l Healthcare Sys., Inc., 2010 U.S. Dist. LEXIS 33974, 2010 WL 1408391, *15 (M.D. Fla. 2010). Also, see this Court's precedent in Bost v. Fed'l Express Corp., 372 F. 3d 1233, 1242 (11th Cir. 2004) ("mentioning that equitable tolling [in Florida] is unavailable outside the administrative context.").

Also, under Florida law, "[f]iling suit in the improper forum does not toll the one-year limitation period." HCA Health Servs. of Fla. Inc. v. Hillman, 906 So. 2d 1094, 1100-1101 (Fla. 2d DCA 2001).

Accordingly, the district court erred in granting summary judgment on ground that Appellant failed to present evidence that the

50

Appellees' failure to file his complaint actually rendered any available state court remedy ineffective.

ISSUE III

The Appellees' motion for summary judgment on the issue of Appellant's 14th Amendment claim should have been denied and Appellant's cross-motion for summary judgment should have been granted, if not with respect to both Appellees, with respect to Appellee Baxer.

For purposes of their motion, the Appellees assumed that they transferred the complaint to Pinellas County Circuit Court. Also, although he could not produce evidence that Appellee Frank transferred the complaint, he cited to specific interrogatory evidence in Appellee Frank's interrogatory answers, including her amended answers, attached to his cross-motion for summary judgment, showing that Appellee Baxer transferred the complaint. However, as the district court's order shows, the district court did not consider Appellee Frank's first amended answer to Appellant's first set of interrogatories. Nevertheless, the issue had been settled and proven, and all that remained was the application

of law to facts, because the Appellees had also agreed or conceded, in their motion, that the Appellant also has the right to initially select venue.

Moreover, on motion for summary judgment, the Appellees do not dispute that Appellant's complaint was never filed in Hillsborough County Circuit Court and could not be transferred, had it been filed in Hillsborough County, except by the judge presiding over the case. (Doc 112-Pg 6) Thus, due process of law requires that once filed, Appellant's complaint could be transferred to another venue only by the judge presiding over the case.

Accordingly, applying the relevant law to the undisputed facts, the district court should have denied the Appellees' motion for summary judgment on Appellant's 14th Amendment claim and granted Appellant's cross-motion for summary judgment, because Appellant was deprived of his state created right to initially select venue, protected by the due process clause of the 14th Amendment,5 by Appellee Baker, if not by Appellee Frank, without procedure due process of law.

---

5 In DeKalb Stone v. County of DeKalb, 106 F.3d 956, 960 (11th Cir.1997), this Court held that rights created by state law are protected by procedural due process.

BECAUSE the district court improperly granted Appellees' motion for summary judgment, this Court should consider Appellant's cross-motion for summary judgment and reverse this case with directions to grant summary judgment in favor of Appellant, as there is no genuine issue of material fact and Appellant is entitled to judgment on his 14th Amendment claim as a matter of law.

ISSUE IV

In his motion to strike, Appellant demonstrated that Appellee Frank's interrogatory answers were not made under oath, as Appellant submitted as Exhibit A to his motion, page 12, the verification page of said answers, which was clearly unsworn and unsigned. (Doc 56, Exhibit A)

The Appellant also demonstrated that the failure to answer the interrogatories under oath and/or submit the verification page was deliberate, as evidenced by the facts that despite Appellant's April 5, 2019, good faith effort to resolve discovery issues letter to Frank's counsel, Frank did nothing for nearly five months before the district court ordered

53

her to respond, and she did not even confer with Appellant, suggesting that the noncompliance was willful.

Also, contrary to the findings of the district court, (Doc 94-Pg1) Document 56-Pg1 does not indicate Frank executed a verification page on February 19, 2019, because the numbered page 12 verification form attached to Appellant's motion to strike, (Doc 56) as Exhibit A, is not complete with neither Frank's signature nor a notarized oath, and Document 79 is numbered page "13", when it should be numbered page "12".

Last, but not least, when Frank did finally respond, there was no excuse for the omission. Frank's noncompliance significantly delayed discovery, caused Appellant to miss the court ordered discovery deadline, prejudiced Appellant in obtaining an order compelling discovery, (Doc 82; Doc 101; Doc 107; Doc 110-Pgs 3, 4; Doc 11-Pg 1) and hindered the pro se Appellant in proving some of his claims and in preparing his case for trial.

Wherefore, based on the foregoing, the district court abused its discretion in denying Appellant's motion to strike or in not imposing some other discovery sanction

54

AGAINST FRANK.

ISSUE V

NEITHER OF FRANK'S AMENDED RESPONSES TO
Appellant's INTERROGATORIES, NUMBER 20, MISTAKENLY
NUMBERED 19, AND NUMBER 21, MISTAKENLY NUMBERED
20, ANSWERS THE QUESTION ASKED. (Doc 86-Pg 8)
IN FACT, FRANK STOOD ON HER OBJECTIONS TO
INTERROGATORY NUMBER 20. Id.

HOWEVER, AS Appellant ARGUED IN A GOOD FAITH
EFFORT TO RESOLVE THE DISCOVERY ISSUES. (Doc 82, Ex-
hibit A, Pg 4) SOME, IF NOT ALL, OF THE OBJECTIONS ARE
boilerplate OR blanket OR GENERAL, AND UNSUPPORTED
WITH DETAILED EXPLANATION CONCERNING THE
NATURE OF THE SPECIFIC OBJECTION.

Boilerplate OR blanket OR GENERAL OBJECTIONS
TO INTERROGATORIES WITHOUT RESORT TO SPECIFIC
REASONS ARE INSUFFICIENT TO JUSTIFY A REFUSAL
TO RESPOND, AS Fed. R. Civ. P. 33(b)(4) REQUIRES
OBJECTIONS TO BE SPECIFIC.

AS TO THE VAGUENESS OF INTERROGATORY NUMBER
21, FRANK HAS FAILED TO OFFER ANY MEANINGFUL
EXPLANATION AS TO HOW THE QUESTION IS VAGUE.
(Doc 86-Pg 8) EVEN IF THERE IS SOME DIFFERENCE
WITH RESPECT TO THE FILING OF MANDAMUS ACTION
AND CIVIL ACTION, THE QUESTION IS NOT SO VAGUE

55

that FRANK cannot answer whether she sets the policies for filing mandamus or civil complaints in Hillsborough County Circuit Court. Thus, FRANK's amended response is not sufficient.

Based on the foregoing, the district court abused its discretion in denying Appellant's motion to compel discovery as moot on ground that FRANK's amended answers to Appellant's 20th and 21st interrogatories are sufficient.

ISSUE VI

In terming the facts alleged for disqualification or recusal to be conjecture, the district court passed upon the truth or falsity of the facts alleged. However, it has been held that the judge may not pass upon the truth or falsity of the facts alleged. See BERGER V. United States, 255 U.S. 22, 35 (1921).

The standard of review for a § 455 (a) motion is whether an objective, disinterested lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's partiality. United States v. Patti, 337 F. 3d 1317, 1321 (11th Cir. 2003).

56

Appellant's charge of partiality is supported by the fact that Appellee FRANK was the clerk while Judge Honeywell was the circuit court judge of Hillsborough County Circuit Court. Thus, Appellant has alleged sufficient facts in his motion to lead a reasonable person to believe that Judge Honeywell's impartiality might reasonably be questioned, especially in light of the fact of her denials of so many of Appellant's motions and objections, thereby showing favoritism toward Appellee FRANK.

Although judicial rulings alone almost never constitute a valid basis for a bias or partiality motion, they are a valid basis if they receive such a high degree of favoritism or antagonism as to make fair judgment impossible. PRI-HAR v. Corp. of Am., INC., 154 Fed. Appx. 886, 889 (11th Cir. 2005).

Based on the foregoing, the district court judge abused her discretion in denying Appellant's motion for disqualification or recusal, and the same should be reversed with directions to assign this case to another U.S. Magistrate and district court judge.

CONCLUSION

Based on the foregoing, the orders of the

57

: district court granting the County's motion to dismiss, granting the Appellees' motion for summary judgment, denying Appellant's motion to strike Frank's interrogatory answers, denying Appellant's motion to compel discovery, denying Appellant's motion for disqualification or recusal of judge, and the district court's refusal to consider Appellant's cross-motion for summary judgment should be reversed.

Respectfully submitted,

*Glenn Spradley*

GLENN SPRADLEY. PRO SE
DADE CORRECTIONAL INSTITUTION
19000 S.W. 377th Street
Florida City, Florida 33034

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), because excluding the parts of the document exempted by Fed. R. App. P. 32(f), this partially typed and handwritten brief does not exceed 13,000 words.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Appellant's Initial Brief was mailed to Attorney Kristen M. Fiore, 201 E. Park Ave., Suite 300, Tallahassee, Fla. 32301, and Attorney Robert Brazel, 601 E. Kennedy Blvd., 27th Floor, Tampa, Fla. 33602, on this __9th__ day of June, 2021.          *Glenn Spradley*

58

GLENN Spradley. DC#041549
Dade Correctional Institution
19000 Southwest 377th Street
Florida City, Florida 33034

MAILED FROM A
STATE CORRECTIONAL
INSTITUTION
FLORIDA CITY

Hasler
06/09/2021
US POSTAGE $

CLEARED SECURITY
JUN 4 2021
U.S. MARSHALS SERVICE
Atlanta, Georgia

Legal Mail
Received
JUN 0 9 2021
Dade C.I.

United States Court of Appeals
Eleventh Circuit
Office of the Clerk
56 Forsyth Street, Northwest
Atlanta, Georgia 30303