IN THE UNITED STATES COURT OF APPEALS
ELEVENTH CIRCUIT

USCA Case No. 20-14518
United States District Court, Middle District of Florida
Case No.:  8:18-cv-02372-CEH-AAS

GLENN SPRADLEY,

Appellant

v.

PAT FRANK, ET AL.,

Appellees.

## APPELLEES' ANSWER BRIEF

KRISTEN M. FIORE, BCS (065897)
**AKERMAN LLP**
201 E. Park Avenue, Suite 300
Tallahassee, Florida 32301
Telephone:  (850) 224-9634
Facsimile:   (850) 222-0103
kristen.fiore@akerman.com

ZARRA R. ELIAS (89020)
MELISSA TORRES (1002646)
**AKERMAN LLP**
401 E. Jackson Street, Suite 1700
Tampa, FL 33602
Telephone:  (813) 223-7333
Facsimile:   (813) 218-5449
zarra.elias@akerman.com
melissa.torres@akerman.com

ATTORNEYS FOR APPELLEES, PAT FRANK AND EDWINA BAKER

USCA Case No. 20-14518
*Glenn Spradley v. Pat Frank, et al*

**CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE PURSUANT TO FRAP 26.1 AND 11TH CIR. R. 26.1-1**

Pursuant to F.R.A.P. 26.1 and 11th Cir. R. 26.1-1, Appellees, Pat Frank, Clerk of the Circuit Court of Hillsborough County and Edwina Baker, Deputy Clerk of the Circuit Court of Hillsborough County, the following trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of the appeal, including subsidiaries, conglomerates, affiliates, and parent corporations, including any publicly held corporation that owns 10% or more of the party's stock:

1. Akerman LLP (Attorney for Appellees, Pat Frank, Clerk of the Circuit Court of Hillsborough County & Edwina Baker, Deputy Clerk of the Circuit Court of Hillsborough County)

2. Baker, Edwina, Deputy Clerk of the Circuit Court of Hillsborough County (Appellee)

3. Brazel, Robert E. (Trial Attorney for Appellee, Hillsborough County)

4. Elias, Zarra R. (Attorney for Appellees, Pat Frank, Clerk of the Circuit Court of Hillsborough County & Edwina Baker, Deputy Clerk of the Circuit Court of Hillsborough County)

USCA Case No. 20-14518
*Glenn Spradley v. Pat Frank, et al*

5.    Fiore, Kristen M. (Attorney for Appellees, Pat Frank, Clerk of the Circuit Court of Hillsborough County & Edwina Baker, Deputy Clerk of the Circuit Court of Hillsborough County)

6.    Frank, Pat, Clerk of the Circuit Court of Hillsborough County (Appellee)

7.    Gonzalez, Thomas M. (Trial Attorney for Appellees, Pat Frank, Clerk of the Circuit Court of Hillsborough County & Edwina Baker, Deputy Clerk of the Circuit Court of Hillsborough County)

8.    Hillsborough County (Appellee)

9.    Honeywell, Hon. Charlene Edwards, U.S. Dist. Judge (M.D. Fla.)

10.    Sansone, Hon. Amanda Arnold (U.S. Magistrate Judge) (M.D. Fla.)

11.    Spradley, Glenn (*Pro Se* Appellant)

12.    Torres, Melissa (Attorney for Appellees, Pat Frank, Clerk of the Circuit Court of Hillsborough County & Edwina Baker, Deputy Clerk of the Circuit Court of Hillsborough County)

No publicly traded company or corporation has an interest in the outcome of this appeal.

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Appellant does not request oral argument and Appellees respectfully submit oral argument is not necessary in this case. The case involves straightforward legal issues that are adequately addressed in the parties' briefs.

## **<u>TABLE OF CONTENTS</u>**

**Page**

CERTIFICATE OF INTERESTED PERSONS AND

    CORPORATE DISCLOSURE  STATEMENT .................................................C1

STATEMENT REGARDING ORAL ARGUMENT .................................................i

TABLE OF CONTENTS............................................................................ ii

TABLE OF AUTHORITIES ...................................................................iv

STATEMENT OF THE ISSUES................................................................1

STATEMENT OF THE CASE...................................................................2

    *Factual and Procedural Background* ..................................................2

    *Standard Of Review* ........................................................................11

SUMMARY OF THE ARGUMENT  ....................................................12

ARGUMENT ........................................................................................14

    I.    **THE DISTRICT COURT PROPERLY ENTERED SUMMARY JUDGMENT IN FAVOR OF THE CLERK ON SPRADLEY'S AMENDED 1983 COMPLAINT WHERE SPRADLEY FAILED AS A MATTER OF LAW TO ESTABLISH THAT THE CLERK VIOLATED HIS CONSTITUTIONAL RIGHTS**............................14

        A.  *Legal Standard* ...............................................................14

        B.  *The District Court Properly Entered Summary Judgment on Spradley's Fourteenth Amendment Claim* ...................................15

        C.  *The District Court Properly Entered Summary Judgment on Spradley's First Amendment Claim* ...............................20

II.   **THE DISTRICT COURT DID NOT ABUSE ITS BROAD DISCRETION IN REFUSING TO STRIKE FRANK'S INTERROGATORY ANSWERS WHERE THE CLERK ESTABLISHED THE ANSWERS WERE MADE UNDER OATH AND SIGNED BY COUNSEL**.................27

III.  **THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING AS MOOT SPRADLEY'S MOTION TO COMPEL VARIOUS DISCOVERY RESPONSES WHERE THE CLERK FILED AMENDED RESPONSES THAT CURED ANY ALLEGED INSUFFICIENCY**..........................29

IV.   **THE DISTRICT COURT PROPERLY DENIED SPRADLEY'S MOTION TO DISQUALIFY WHERE SPRADLEY'S MERE SPECULATION REGARDING THE PARTIALITY OF THE DISTRICT COURT JUDGE WAS INSUFFICIENT TO WARRANT DISQUALIFICATION AS A MATTER OF LAW** ........................30

CONCLUSION ....................................................................32

CERTIFICATE OF COMPLIANCE ......................................33

CERTIFICATE OF SERVICE ............................................33

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

## <u>CASES</u>

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).................................14, 15, 20

*Antonelli v. Warden*, 542 F.3d 1348 (11th Cir. 2008) .............................................24

*Baas v. Flawless*, 886 F.3d 1088 (11th Cir. 2018) ....................................................14

*Bass v. Singletary*, 143 F.2d 1442 (11th Cir. 1998) .................................................20

*Belcher Pharmaceuticals, LLC v. Hospira, Inc.*, 1 F.4th 1374
    (11th Cir. 2021)..............................................................................................11, 22

*Benson v. Tocco, Inc.*, 113 F.3d 1203 (11th Cir. 1997)...........................................11

*Brooks v. Fla. Parole Comm'n*, 948 So. 2d 801 (Fla. 1st DCA 2006) ....................24

*\*Bush v. State*, 945 So. 2d 1207 (Fla. 2006)......................................................16, 17

*Capriotti's Sandwich Shop, Inc. v. Taylor Family Holdings, Inc.*,
    857 F. Supp. 2d 489 (D. Del. 2012)....................................................................15

*\*Carlile v. Game & Fresh Water Fish Comm'n*, 354 So. 2d 362 (Fla. 1977)...16, 17

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ................................................19

*FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282 (11th Cir. 2011)...............14

*Crowder v. Sinyard*, 884 F.2d 804 (5th Cir. 1989).................................................26

*Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Eng'rs*, 859 F.3d 1306
    (11th Cir. 2017)....................................................................................................22

*Friends of Lubavitch/Landow Yeshivah v. N. Trust Bank of Fla.*, 685 So. 2d 951
    (Fla. 3d DCA 1996) ............................................................................................16

*Fund for Animals, Inc. v. Rice*, 85 F.3d 535 (11th Cir. 1996)................................11

*Gwin v. Snow*, 870 F.2d 616 (11th Cir. 1989) .......................................................23

*Hilburn v. Murata Elec. N. Am., Inc.*, 181 F.3d 1220 (11th Cir. 1999) .................15

*Horton v. California*, 495 U.S. 128 (1990)..............................................................26

*In re U.S.*, 666 F.2d 690 (1st Cir. 1981) ..................................................................31

*Inverness Coca-Cola Bottling Co. v. McDaniel*, 78 So. 2d 100 (Fla. 1955)...........16

*Jacksonville Elec. Auth. v. Clay Cty. Util. Auth.*, 802 So. 2d 1190
    (Fla. 1st DCA 2002)............................................................................................17

*Judwin Properties, Inc. v. United States Fire Insurance Company*,
    973 F.2d 432, (5th Cir. 1992) ............................................................................22

*Khoury v. Miami-Dade Cty. Sch. Bd.*, ___ F.4th ____, 2021 WL 2817612, at *4
    (11th Cir. 2021)..................................................................................................30

*\*Lewis v. Casey*, 518 U.S. 343 (1996)....................................................................21

*Liteky v. U.S.*, 510 U.S. 540 .....................................................................................32

*Major League Baseball v. Morsani*, 790 So. 2d 1071 (Fla. 2001) ..........................26

*Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536 (11th Cir. 1993)....................28

*Martin v. Iowa*, 752 F.3d 725 (8th Cir. 2014) ........................................................23

*Monroe v. Thigpen*, 932 F.3d 1437 (11th Cir. 1991)...............................................15

*Pinellas Cty. v. Baldwin*, 80 So. 3d 366 (Fla. 2d DCA 2012) ................................17

*Pri-Har Corrections Corp. of Am., Inc.*, 154 F. App'x 886 (11th Cir. 2005)..........32

*Schmidt v. Crusoe*, 878 So. 2d 361 (Fla. 2003) ......................................................24

*Schwarz v. Kogan*, 132 F.3d 1387 (11th Cir. 1998) ................................................11

*Shane v. Fauver*, 209 F. App'x 87 (3d Cir. 2006)....................................................21

*Spradley v. Food Service Administrator*, Leon County Case No. 2009-CA-003886 ...................................................................................6

*\*Swekel v. City of River Rouge*, 119 F.3d 1259 (6th Cir. 1997).............................26

*Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799 (11th Cir. 2020) ........................11

*\*U.S. v. Cerceda*, 188 F.3d 1291 (11th Cir. 1999) ...................................................31

*U.S. v. Greenough*, 782 F.2d 1556 (11th Cir. 1986)................................................31

*U.S. v. Kelly*, 888 F.2d 732 (11th Cir. 1989) ..........................................................11

*\*Vitek v. Jones*, 445 U.S. 480 (1980).......................................................................15

*Walker v. Darby*, 911 F.2d 1573 (11th Cir. 1990)...................................................15

*Wolff v. McDonnell*, 418 U.S. 539 (1974) ..............................................................20

## STATUTES AND CODE PROVISIONS

§ 47.011, Fla. Stat. . .........................................................................................*Passim*

§ 95.11(5)(f), Fla. Stat. ...................................................................................3, 27

42 U.S.C. § 1983 ...................................................................................................2

## RULES AND REGULATIONS

11th Cir. R. 26.1-1 ...........................................................................................C-1

Fed. R. App. P. 26.1...........................................................................................C-1

Fed. R. App. P. 32(a)(5)........................................................................................33

Fed. R. App. P. 32(a)(6)........................................................................................33

Fed. R. App. P. 32(a)(7)(B) ..................................................................................33

Fed. R. App. P. 32(a)(7)(B)(iii) ...................................................33

Fed. R. Civ. P. 37(b)(2)(C) .........................................................28

Fed. R. Civ. P. 56(a)...................................................................14

Fed. R. Civ. P. 56(c)...................................................................19

Fed. R. Crim. P. 3.851(f)(1)........................................................29

## STATEMENT OF THE ISSUES

The issues presented are:

I.    Whether the district court properly entered summary judgment in favor of the Appellees on Appellant's section 1983 complaint where Appellant failed to establish as a matter of law that Appellees violated his constitutional rights;

II.    Whether the district court abused its broad discretion in refusing to strike Appellees' interrogatory answers where Appellees established that the answers were made under oath and signed by counsel;

III.    Whether the district court abused its discretion in denying as moot Appellant's motion to compel various discovery responses where Appellees filed amended responses that cured any alleged insufficiency; and

IV.    Whether the district court properly denied Appellant's motion to disqualify where Appellant's mere speculation regarding the partiality of the district court judge was insufficient to warrant disqualification as a matter of law.

## STATEMENT OF THE CASE[1]

### *Factual and Procedural Background*

Because Spradley's statement of the case is incomplete and contains information irrelevant to the issues on appeal, the Clerk sets forth the following pertinent facts:

Spradley is an inmate in the Union County Correctional Institute, located in Union County, Florida, serving life in prison. [DE 112 at 3; DE 164 at 1] Spradley filed a complaint in Florida state court in Hillsborough County against the Clerk and the County, under 42 U.S.C. § 1983, alleging that the Clerk and the County violated his rights under the First and Fourteenth Amendments to the United States Constitution (the "Section 1983 Complaint"). [DE 2] The allegations of the Section 1983 Complaint concern the Clerk's and the County's alleged mishandling of a 2014 filing Spradley made in Florida state court in 2014. [*Id.*]

Specifically, Spradley alleged that on May 30, 2014, he mailed to the Clerk a pleading captioned *Glenn Spradley v. Florida Parole Commission* and titled "Complaint for Writ of Mandamus" in which he sought an order compelling the

---

[1] Citations to the record on appeal are to district court docket entry (*e.g.*, DE___). Citations to Appellant's Principal Brief are to actual page number, not .pdf page number (*e.g.*, PB at ___). This brief refers to Appellant Glenn Spradley as "Spradley" and Appellees Pat Frank, Clerk of the Circuit Court of Hillsborough County & Edwina Baker, Deputy Clerk of the Circuit Court of Hillsborough County collectively as "the Clerk" and individually as "Frank" and "Baker". Appellee Hillsborough County is referred to as "the County".

Florida Parole Commission ("FPC") to reconsider its denial of his parole—a denial that occurred at a meeting of the FPC in Hillsborough County (the "Mandamus Complaint"). [DE 2 at 3; DE 112-1]

In the Mandamus Complaint's first paragraph, Spradley alleged that "This is a complaint for a peremptory writ of mandamus to compel the Defendant FPC not to consider certain improper matters in determining whether [Spradley] should be released on parole and in determining whether his subsequent interviews shall be scheduled once every seven years." [DE 112-1 at 1] Spradley also alleged that "Venue is proper in Hillsborough County, Florida because the violation of [Spradley's] constitutional right to procedural due process or proper consideration for parole occurred therein and the FPC was the initial sword wielder in this matter." [DE 112-1 at 1]

Spradley clearly intended the Mandamus Complaint as an appeal of a FPC decision allegedly rendered on June 30, 2013. [DE 112-1 at 3-5] Section 95.11(5)(f), Florida Statutes, requires that a petition for extraordinary writ brought by, or on behalf of, a prisoner be filed within one year.

On June 2, 2014, Baker returned the Mandamus Complaint to Spradley on a form bearing the Clerk's letterhead and stating "We are unable to locate the case you have referenced. . . . Please provide a case # (Felony) or if not known provide your full name and D.O.B." [DE 112-2]

Spradley responded by letter dated June 6, 2014, mailed to Frank in which he stated:

> Enclosed for filing, please find the original and a copy of both my COMPLAINT FOR WRIT OF MANDAMUS and my affidavit to proceed without payment of court costs and fees, along with the letter of your deputy clerk. Perhaps thinking I was seeking to file the enclosed documents in a criminal felony case already on file, your deputy clerk returned them asking that I provide a (felony) case number or, if not known, my full name and date of birth.

[DE 112-3 (emphasis in original)]

The Mandamus Complaint was never filed in Hillsborough County Circuit Court. Instead, it was forwarded to the Pinellas County Circuit Court, where Spradley was originally convicted and sentenced, where it was filed on June 13, 2014 in Spradley's criminal case. [DE 112-4 at 2] It is unrefuted that neither Baker nor Frank forwarded the Mandamus Complaint to Pinellas County. [DE 124 at 33, 42]

Spradley sent a letter dated June 18, 2014 addressed to Frank that stated that "Enclosed for filing, please find the original and a copy of my 'amended complaint for writ of mandamus.'" [DE 112-5] Frank responded to Spradley with a form letter stating "all your cases are Pinellas County." [DE 124 at 55]

The Pinellas County court dismissed the Mandamus Complaint on June 30, 2014 (the "Dismissal Order"). [DE 112-6] In the Dismissal Order, the court ruled that Spradley had not alleged that he had exhausted his administrative remedies and

4

as a matter of law a petition of mandamus could only be filed in Leon County after Spradley exhausted his administrative remedies. [*Id*.]

After the Pinellas County court dismissed the Mandamus Complaint, Spradley sent a letter to Frank on July 7, 2014 stating: "On June 6, 2014, I mailed you again for filing my 'complaint for writ of mandamus' and my affidavit to proceed without any payment of court costs and fees, which your deputy clerk had previously refused to file on June 2, 2014. Did you or your deputy clerk receive and file the documents? I have not received their return." [DE 112-7 at 1] Baker returned the letter to Spradley, on which the following was handwritten: "Please see attached all of your cases + what <u>County</u>). Thank You". [*Id*.; DE 124 at 33] Sent with the letter was an "Inmate Population Information Detail" report from the Florida Department of Corrections regarding Spradley on which Baker handwrote, "You do not have <u>any</u> Hillsborough County Cases. You must file in Pinellas Co." [DE 112-7 at 3-5 (emphasis in original)]

Spradley unsuccessfully sought rehearing of the Dismissal Order, and then sought certiorari review in Florida's Second District Court of Appeal. [DE 112-9] In his certiorari petition, Spradley asked the Second District to quash the Dismissal Order and instruct the Pinellas County court to transfer the petition to Hillsborough County for an adjudication on the merits. [*Id*.] The Second District granted the petition for writ of certiorari [DE 112-8], ruling: "We approve the [Dismissal Order]

to the extent it holds that proper venue is in Leon County, quash the order to the extent it dismissed the petition, and remand for transfer of the case to the Second Judicial Circuit in and for Leon County for further proceedings." [DE 112-8 at 12]

The Pinellas County court complied with the Second District's mandate and transferred Spradley's Mandamus Complaint to Leon County. [DE 112-10] Leon County also dismissed the petition  (the "Second Dismissal Order"). [DE 112-11] Leon County dismissed the petition because Spradley "has previously been sanctioned from filing further motions, petitions, complaints, pleadings or other papers in this Circuit on his own behalf." [*Id*. (citing *Spradley v.  Food Service Administrator*, Leon County Case No. 2009-CA-003886)] Spradley did not seek appellate review of the Second Dismissal Order.

Spradley filed the Section 1983 Complaint in Hillsborough County Circuit Court nearly three years later, alleging that the Clerk and the County violated his constitutional rights under the First Amendment (access to courts) and Fourteenth Amendment (due process) by refusing to file his Mandamus Complaint and by transferring it to Pinellas County. [DE 2] The Clerk removed the Section 1983 Complaint to federal district court, with the County's consent. [DE 1][2]

---

[2] Spradley later filed an amended 1983 Complaint to substitute Baker (Deputy Clerk of Court) in for the prior Deputy Clerk (the "Amended 1983 Complaint"). [DE 34]

The County filed a motion to dismiss the Amended Section 1983 Complaint for failure to state a cause of action due to a lack of substantive allegations against the County, and the fact that the allegations made pertain exclusively to a function exclusively performed by the Clerk, which is an independently elected constitutional officer not subject to the control of the County. [DE 39] The district court granted the motion, dismissing the County from the case. [DE 78] Spradley sought reconsideration of the County's dismissal [DE 81], which the court denied [DE 85].

The Clerk filed its answer and affirmative defenses to the Amended Section 1983 Complaint [DE 42, 80], and the parties engaged in discovery. Two discovery disputes arose between Spradley and the Clerk that are at issue in this appeal.

First, Spradley moved to strike Frank's answers to interrogatories based on Frank's failure to include a verification page. [DE 56] Frank filed a response stating the failure to do so was an inadvertent omission, and filing a copy of the omitted verification page. [DE 79] Spradley filed a reply. [DE 91] The magistrate declined to sanction Frank because the omission was not deliberate. [DE 94] Spradley objected to the magistrate's ruling [DE 100] and the district court overruled the objection and adopted the magistrate's ruling [DE 162].

Second, Spradley moved to compel better answers from Frank to several interrogatories, claiming the answers were insufficient. [DE 82] At issue in this appeal are Frank's answers to the following two interrogatories:

Interrogatory number 20 (mistakenly numbered 19): Do you set the policy or policies for the Hillsborough County Clerk of Court office? Answer: The Defendant objects to interrogatory number 19 on the grounds of vagueness, relevance, burden and proportionality. The Plaintiff does not identify the specific "policy or policies" to which he refers.

Interrogatory number 21 (mistakenly numbered 20): Do you set the policy or policies for filing mandamus or civil complaints in Hillsborough County Circuit Court? Answer: The Defendant objects to interrogatory number 20 of [sic] the grounds of vagueness as the Defendant is not aware of what is meant by "the policy or policies for filing mandamus or civil complaints in Hillsborough County Circuit Court."

[DE 82 at 10-11] Spradley argued that Frank's objections were too general and the interrogatories were not vague. [*Id.*]

Frank filed a response [DE 86], and the magistrate denied the motion to compel [DE 109]. As to the two interrogatories at issue, the magistrate denied the motion as moot because the Clerk provided amended answers that sufficiently responded to the interrogatory. [DE 109 at 1-2 (citing DE 86 at 2-9)] Spradley objected [DE 115], the Clerk responded to the objection [DE 120], and the district court overruled the objection and adopted the magistrate's ruling [DE 162].

Spradley also sought to disqualify the district court judge because the judge was previously a circuit court judge in Hillsborough County and therefore had "possible affiliations" with the Clerk. [DE 89] The court denied the motion, concluding that Spradley's "conjecture that the undersigned might be partial is insufficient to warrant recusal." [DE 97 at 1 (citations omitted)]

8

Ultimately, the Clerk filed a motion for summary judgment [DE 112]. In the summary judgment motion, the Clerk argued that Spradley was not entitled to relief under section 1983 as a matter of law because Spradley did not allege the violation of a federal constitutional right; the Clerk did not deny Spradley access to the courts; and the Clerk did not maintain a policy of transferring cases determined to be filed in the wrong venue. [*Id.*] Spradley filed a response to the summary judgment motion. [DE 126]

The district court granted summary judgment in the Clerk's favor on all of Spradley's claims. [DE 164] As to the Fourteenth Amendment due process claim, the court concluded that section 47.011, Florida Statutes, which governs venue for state court actions[3] does not "create a liberty interest for individuals who file an action in Florida", sufficient to come under the purview of the Fourteenth Amendment. [DE 164 at 7] The court noted that, "[i]f anything, the statute limits where an individual may elect to bring an action and protects the party against whom the action is brought." [*Id.* (citations omitted)]

The court went on to find that "[e]ven if the statute creates a liberty interest, there is no evidence that [the Clerk] transferred [Spradley's] complaint to Pinellas County." [*Id.*]

---

[3] Section 47.011 provides "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." § 47.011, Fla. Stat.

As to Spradley's First Amendment claim, the court determined in part that "[a] prisoner's right of access to the courts does not extend to litigation concerning parole hearings" and thus, the Clerk's failure to file the Mandamus Complaint "did not actually injure [Spradley] and therefore does not give rise to a First Amendment access to courts claim." [DE 164 at 9]

The court went on to conclude that Spradley failed to demonstrate he was denied access to the courts. [DE 164 at 10-12] The court explained that Spradley "has no constitutional right of access to the court *of his choice*". [DE 164 at 10 (emphasis added)] Specifically, the Clerk's "failure to file [Spradley's] complaint in Hillsborough County did not prevent [Spradley] from bringing his claims against the FPC in the 'appropriate' court." [DE 164 at 11] Leon County, the appropriate venue for his complaint, ultimately considered it, and determined dismissal was warranted based on a prior sanctions order the court issued barring Spradley's *pro se* filings: "it was the sanctions imposed on [Spradley] that prevented a review of the merits of [Spradley's] complaint." [*Id.*]

Finally, the court rejected Spradley's contention that his challenge to the FPC's June 2013 order was forever time-barred under the one-year statute of limitations because the Clerk did not file his Mandamus Complaint. [DE 164 at 11-12] The Court concluded that Spradley "has not alleged or shown that when he attempted to refile his complaint in the Circuit Court of Hillsborough County, that he [was]

10

entitled to equitable tolling of the one-year limitation period, considering he timely attempted to file his complaint but it was returned to him." [DE 164 at 12][4]

The court entered final judgment in favor of the Clerk on all claims. [DE 165] Spradley filed a motion to alter or amend the judgment [DE 166], to which the Clerk responded in opposition [DE 167]. The court denied the motion to alter or amend [DE 169], and this appeal followed [DE 170].

### Standard Of Review

This Court reviews *de novo* a district court's decision to grant summary judgment, "viewing the evidence in the light most favorable to the nonmoving party." *Belcher Pharmaceuticals, LLC v. Hospira, Inc.*, 1 F.4th 1374, 1379 (11th Cir. 2021) (citing *Tracy v. Fla. Atl. Univ. Bd. of Trs.*, 980 F.3d 799, 877 (11th Cir. 2020)).

This Court "review[s] a district court's rulings regarding discovery for abuse of discretion." *Benson v. Tocco, Inc.*, 113 F.3d 1203, 1208 (11th Cir. 1997) (citing *Fund for Animals, Inc. v. Rice*, 85 F.3d 535, 542 (11th Cir. 1996)).

"A district judge's refusal to disqualify himself is reviewed for abuse of discretion." *Schwarz v. Kogan*, 132 F.3d 1387, 1390 (11th Cir. 1998) (citing *U.S. v. Kelly*, 888 F.2d 732, 745 (11th Cir. 1989)).

---

[4] The court noted the Clerk's concession "that the complaint should have been filed in the civil division of the circuit court." [DE 164 at 12 (citing DE 124 at 41)]

## SUMMARY OF THE ARGUMENT

This Court should affirm the district court's summary judgment, discovery orders, and denial of disqualification in all respects.

The Clerk was entitled to summary judgment as a matter of law on Spradley's Amended 1983 Complaint where Spradley failed to establish that the Clerk violated his constitutional rights. Spradley's Fourteenth Amendment due process claim fails for multiple reasons. First, Florida's venue statute (section 47.011) creates no liberty interest allowing Spradley to select the venue of his choice.

Second, even if there was a liberty interest (there is not), the Clerk did not violate it because no evidence established that the Clerk transferred the Mandamus Complaint to Pinellas County. The district court evaluated the unrefuted evidence submitted in support of summary judgment and determined there was no evidence of a transfer. That was entirely appropriate under the law.

Spradley's First Amendment access to courts claim similarly fails for several reasons. First, Spradley did not establish the "actual injury" requirement for a prisoner's access to courts claim. Because Spradley's Mandamus Complaint only challenged alleged improper considerations at his parole hearing, and did not make a direct or collateral attack on his sentence, or challenge his prison conditions, the Clerk's alleged mishandling of the complaint is insufficient to satisfy the "actual injury" requirement.

12

Second, the evidence is unrefuted that Spradley was in fact <u>not</u> denied access to the courts. At least three courts (two state trial courts and one state appellate court) considered and ruled upon the Mandamus Complaint. This is more than sufficient under the law. Spradley does not have a constitutional right to the court *of his choice*.

The district court also properly exercised its broad discretion in refusing to sanction Frank for Frank's inadvertent failure to include the verification page with one set of Frank's answers to interrogatories. Frank established it was an oversight and provided the original verification page to the court.

Moreover, the district court properly denied as moot Spradley's motion to compel better answers to two interrogatories concerning the Clerk's policies in light of the Clerk's amendment of its answers. In light of the amendment, it cannot be said that the district court made a clear error of judgment, or applied the wrong legal standard, such that it abused its discretion in making discovery rulings.

Finally, the district court did not abuse its discretion in denying Spradley's motion to disqualify. Spradley's sole basis for the disqualification motion was a "possible affiliation" between the Clerk and the district court judge because the district court judge previously served as a circuit court judge in Hillsborough County. The law requires more than mere conjecture or speculation to support disqualification.

# ARGUMENT[5]

## I.  THE DISTRICT COURT PROPERLY ENTERED SUMMARY JUDGMENT IN FAVOR OF THE CLERK ON SPRADLEY'S AMENDED 1983 COMPLAINT WHERE SPRADLEY FAILED AS A MATTER OF LAW TO ESTABLISH THAT THE CLERK VIOLATED HIS CONSTITUTIONAL RIGHTS.[6]

### A.  *Legal Standard*

"Summary judgment is proper if 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Baas v. Flawless*, 886 F.3d 1088, 1091 (11th Cir. 2018) (quoting Fed. R. Civ. P. 56(a)). "The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact." *Id.* (quoting *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1307 (11th Cir. 2011)). "A 'material' fact is one that 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). This Court "view[s] all submitted evidence in the light most

---

[5] Spradley's first issue challenges the dismissal of the County from the Amended 1983 Complaint. [PB at 35-36] Because the Clerk was not impacted by that ruling, and did not file any documents in support of, or against, that ruling, the Clerk takes no position on that ruling in this appeal, and does not address it in this brief.

[6] This issue responds to Issues II and III of the Principal Brief, as set forth on pages 36-53 of that brief. Issue III references a "cross-motion for summary judgment" apparently filed in the district court by Spradley and subsequently denied, but the Clerk cannot locate that motion on the district court docket. Thus, the discussion herein is limited solely to the Clerk's summary judgment motion, and the district court's ruling on same.

favorable to the non-moving party.'" *Id*. (quoting *Hilburn v. Murata Elec. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999).

Provided the non-moving party has had ample time to conduct discovery, that party must present affirmative evidence to support its claim. *Anderson*, 477 U.S. at 257. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990).

**B.** **The District Court Properly Entered Summary Judgment on Spradley's Fourteenth Amendment Claim.**

As the district court recognized, for Spradley to succeed on his claim of a due process violation under the Fourteenth Amendment, he is required to establish that he has a liberty interest created by the United States Constitution, or by a state statute or regulation. *See Vitek v. Jones*, 445 U.S. 480, 488 (1980); *Monroe v. Thigpen*, 932 F.3d 1437, 1441 (11th Cir. 1991). In this case, he claims a liberty interest in Florida's venue statute, section 47.011, Florida Statutes, which provides in pertinent part that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located." § 47.011, Fla. Stat. Yet, as the district court found, rather than create a protected liberty interest, section 47.011 "limits where an individual may elect to bring an action and protects the party against whom the action is brought." [DE 164 at 7 (citing *Capriotti's Sandwich Shop, Inc. v. Taylor Family Holdings, Inc.*, 857 F. Supp. 2d 489, 498 (D.

Del. 2012) ("The purpose of venue, in most instances, 'is to protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial.'") (citation omitted))]

Florida law supports this conclusion under the facts of this case. *See Bush v. State*, 945 So. 2d 1207, 1212 (Fla. 2006) (explaining that "venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains its principal headquarters") (quoting *Carlile v. Game & Fresh Water Fish Comm'n*, 354 So. 2d 362, 363-63 (Fla. 1977))). Here, the FPC is a state agency that maintains its principal headquarters in Leon County, Florida, consistent with the Pinellas County court's conclusion in dismissing the Mandamus Complaint and the Second District's decision to transfer that complaint to Leon County.

As the district court properly concluded, section 47.011 simply created no liberty interest allowing Spradley to select the venue of his choice.

Spradley maintains the district court erred in reaching this conclusion because he "never contended that the language of section 47.011 Fla. Stat., creates a liberty interest; instead, he contended that under Florida common law, section 47.011 gives him a right to initially select venue. . . . " [PB at 31, 38-39 (citing *Friends of Lubavitch/Landow Yeshivah v. N. Trust Bank of Fla.*, 685 So. 2d 951 (Fla. 3d DCA 1996); *Inverness Coca-Cola Bottling Co. v. McDaniel*, 78 So. 2d 100 (Fla. 1955))]

However, Spradley's failure to identify a protected liberty interest of which the Clerk allegedly deprived him does not absolve him of the requirement to do so to maintain his Fourteenth Amendment due process claim.

And while Spradley is correct that a plaintiff has the right to *initially* select venue, that does not deprive a state agency like the FPC of its home venue privilege. As the Florida Supreme Court made clear in *Carlile*, the common law recognizes a home venue privilege for state agencies:

> It has long been the established common law of Florida that venue in civil actions brought against the state or one of its agencies or subdivisions, absent waiver or exception, properly lies in the county where the state, agency, or subdivision, maintains it principal headquarters. Such a rule promotes orderly and uniform handling of state litigation and helps to minimize expenditure of public funds and manpower.

354 So. 2d at 363-64. "Absent waiver or application of identified exception, the home venue privilege appears to be an absolute right." *Bush*, 945 So. 2d at 1212 (quoting *Jacksonville Elec. Auth. v. Clay Cty. Util. Auth.*, 802 So. 2d 1190, 1192 (Fla. 1st DCA 2002)).

The only exception Spradley maintained applied here was the "sword-wielder exception", which applies to allow venue in the county where the plaintiff's person or affected property is located. *See, e.g.*, *Pinellas Cty. v. Baldwin*, 80 So. 3d 366, 368-69 (Fla. 2d DCA 2012); [DE 112-8 at 9-11]. However, as the Second District determined when it ordered the Mandamus Complaint be transferred to Leon

County, "[e]ven though the [FPC] made the decision [Spradley] challenged at its Tampa meeting [in Hillsborough County], it directed the "blow" toward Mr. Spradley in Union County, where he was incarcerated. . . . If the sword-wielder exception applied here, Union County would be the proper venue. However, Mr. Spradley has not made this claim. Accordingly, the default, and proper, venue is Leon County." [DE 112-88 at 11]

Nonetheless, exception or not, section 47.011 creates no liberty interest sufficient to support a denial of due process claim under the Fourteenth Amendment.

Moreover, as the district court found, no evidence established that the Clerk transferred the Mandamus Complaint to Pinellas County. [DE 164 at 7] The evidence was unrefuted that no transfer occurred. Baker's interrogatory answers stated, "I did not transfer, send or deliver the Plaintiff's complaint to Pinellas County, Florida." [DE 124 at 33] Frank responded, "The Defendants do not know and are unable to determine how the Plaintiff's pleading came to be filed in Pinellas County." [DE 124 at 42]

Spradley argues that the district court improperly relied upon these responses for a variety of reasons including that they were barred by some sort of judicial estoppel, constituted inadmissible hearsay, and required improper credibility determinations by the district court. [PB at 37-38, 40-41] But none of these arguments have merit.

18

The summary judgment rule explicitly contemplates the court's consideration of answers to interrogatories. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, *answers to interrogatories*, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." ) (emphasis added)). Here, the district court considered all of these items, and determined that the Clerk did not transfer the Mandamus Complaint to Pinellas County. The district court did not improperly weigh any conflicting evidence or make credibility determinations because there was no conflicting evidence or testimony upon which to do so. The district court simply evaluated the unrefuted evidence submitted in support of summary judgment, and determined there was no evidence of a transfer. That was entirely appropriate under the law.

Moreover, Spradley's contention that a genuine issue of material fact existed as to the question of transfer sufficient to preclude summary judgment [PB at 41-42] similarly fails. Spradley bases this claim on Frank's interrogatory answer stating that "[t]he deputy clerk who returned and then transferred the Plaintiff's pleadings acted in violation of the Defendant clerk's policy." [DE 124 at 26]; [PB at 41-42] However, as the district court found, this does not create sufficient evidence for a jury to find that the Clerk transferred or delivered the Mandamus Complaint to Pinellas County:

> The answer, however, does not specify or even imply that Defendant Baker transferred the complaint. It is not evidence that Defendant Baker transferred/delivered the complaint to Pinellas County, especially considering Defendant Baker and Franks' Answers that Defendant Baker did not transfer the complaint, and they do not know how the complaint came to be filed in Pinellas County. Therefore, on this record there is not sufficient evidence for a jury to find that either Defendant Baker or Defendant Frank transferred/delivered the complaint to Pinellas County.

[DE 164 at 8]

Absent affirmative evidence to support Spradley's claim, no genuine issue of material fact existed, and the district court properly entered summary judgment in favor of the Clerk on Spradley's Fourteenth Amendment claim. *See Anderson*, 477 U.S. at 257.

## C. The District Court Properly Entered Summary Judgment on Spradley's First Amendment Claim.

As the district court recognized, to prevail on his First Amendment claim due to the Clerk's failure to file the Mandamus Complaint, Spradley must show that the actions of prison officials impaired or obstructed his "fundamental right of access to the courts in order to attack his sentence or to challenge the conditions of his confinement." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). A plaintiff must specifically the denial of access prejudiced him in a criminal appeal, post-conviction matter, or in a section 1983 action to "vindicate 'basic constitutional rights'". *Id* (quoting *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974)); *see also Bass v. Singletary*,

20

143 F.2d 1442, 1445 (11th Cir. 1998). An inmate must show actual injury to establish a denial of access to courts. *Lewis*, 518 U.S. at 349. "[T]he actual injury requirement is not met by every type of frustrated legal claim; constitutional protections are applied only to a prisoner's direct or collateral attack on his or her sentence, or challenges to prison conditions." *Shane v. Fauver*, 209 F. App'x 87, 89 (3d Cir. 2006) (citing *Lewis*, 518 U.S. at 354-55).

Spradley did not establish the actual injury requirement. His Mandamus Complaint explicitly requested relief for alleged improper considerations made by the FPC during his parole hearings. [DE 112-1] Thus, it was not a direct or collateral attack on Spradley's sentence, or a challenge to his prison conditions sufficient to satisfy the "actual injury" requirement explained in *Lewis*. *See Shane*, 209 F. App'x at 89 (finding no actual injury where prisoner's access to courts claim concerned the alleged negative impact on his parole board litigation).

Because Spradley could not establish an actual injury sufficient to satisfy the requirements of an access to courts claim, the district court properly granted summary judgment in the Clerk's favor on his First Amendment claim as a matter of law.

Spradley argues on appeal that this conclusion was improper because the Clerk "did not move for summary judgment on the ground that [Spradley's] mandamus complaint is not an attack on either his sentence or the conditions of his

confinement and therefore is not within the ambit of protected access to the court."

[PB at 42] This argument fails as a matter of law.

The district court did not "sua sponte" grant summary judgment like the court in *Judwin Properties, Inc. v. United States Fire Insurance Company*, 973 F.2d 432, 436-37 (5th Cir. 1992), upon which Spradley relies. That case is entirely distinguishable. There, the district court entered summary judgment in favor of the defendant on <u>all</u> claims even though the defendant sought summary judgment on only one claim. *Id.* In doing so, the district court deprived the plaintiff of an opportunity to present its *entire* case to the court. *Id.*

Here, the Clerk explicitly moved for summary judgment on the First Amendment claim and argued that Spradley failed to allege a violation of rights secured to him under the United States Constitution. Spradley cites no case limiting the district court to ruling on the exact arguments raised in support of summary judgment on a particular claim.

Moreover, this Court may affirm the district court's ultimate ruling "'on any basis the record supports,' regardless of whether that basis was 'addressed, adopted or rejected by the district court.'" *Belcher Pharmaceuticals, LLC*, 1 F.4th at 1379 (quoting *Fla. Wildlife Fed'n Inc. v. U.S. Army Corps of Eng'rs*, 859 F.3d 1306, 1316 (11th Cir. 2017)). Therefore, even if the district court improperly considered the

actual injury argument, this Court can still affirm on this basis because the record indisputably supports it.[7]

Spradley also contends there is case law that holds that his challenge to parole procedures qualifies as an "action with respect to prison conditions", or a "collateral attack" on his sentence, sufficient to satisfy the "actual injury" threshold articulated in *Lewis*. [PB at 42-43] However, the cases Spradley cites for this proposition are not on point and easily distinguishable.

*Martin v. Iowa*, 752 F.3d 725, 727 (8th Cir. 2014) is irrelevant. That case did not concern access to courts or actual injury. Instead the case concerned whether a challenge to parole procedures qualified as a civil action with respect to prison conditions under the specific language of the federal Prison Litigation Reform Act. *Id*.

Similarly, *Gwin v. Snow*, 870 F.2d 616, 624-25 (11th Cir. 1989) is inapposite. That case had nothing to do with actual injury or access to courts. It concerned the parameters for determining whether an inmate's parole-related claims were habeas corpus claims or section 1983 claims in order to determine whether the inmate had to first exhaust administrative remedies before bringing the claim. *Id*.

---

[7] Spradley makes the same legal argument with respect to the district court's determination that his claim was not forever time-barred [DE 164 at 11-12]. [PB at 48-50] This argument fails for the same reasons set forth above regarding an alleged "sua sponte" grant of summary judgment.

*Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008) is distinguishable for the same reasons. Access to courts and actual injury were not at issue there. Rather, the case concerned the proper remedy for challenging a decision of the federal Parole Commission under federal law.

The Florida cases Spradley cites are likewise inapposite. *Brooks v. Fla. Parole Comm'n*, 948 So. 2d 801, 801 (Fla. 1st DCA 2006) involved whether an inmate's challenge to the FPC's decision to suspend a parole date was a "collateral criminal proceeding" sufficient to take the proceeding out of the purview of a prison indigency lien provision, not access to courts or actual injury. And the "collateral criminal proceeding" at issue in *Schmidt v. Crusoe*, 878 So. 2d 361, 366 (Fla. 2003), was a challenge to the computation of gain time, not to the procedures of a parole hearing like Spradley made in the Mandamus Complaint.

Even if an access to courts claim did extend to complaints about parole determinations, the evidence is unrefuted that Spradley was not in fact denied access to the courts. As the district court properly recognized, at least three courts (two state trial courts and one state appellate court) considered and ruled upon the Mandamus Complaint:

> The complaint was considered by the Circuit Court in Pinellas County and dismissed without prejudice to refiling in the Circuit Court in Leon County (Doc. 112-6). When Plaintiff appealed, the appellate court reviewed the case, reversed the dismissal, and remanded the case to the Circuit Court in Pinellas County to transfer it to the proper venue, Leon County (Doc. 112-8). The complaint was transferred to the Second

24

> Judicial Circuit in Leon County (Doc. 112-10) where it was dismissed because Plaintiff was barred in that Circuit from bringing *pro se* complaints (Doc. 112-11).

[DE 164 at 10]

Spradley claims on appeal, as he did in the district court, that the Clerk improperly denied him access to the court *of his choice*. [PB at 43-47] He argues that if the Clerk had filed the Mandamus Complaint, the action could have possibly proceeded in Hillsborough County if FPC waived its home venue privilege that would allow FPC to transfer the case to Leon County. [*Id*.] This claim fails for multiple reasons, as the district court found.

First, any claim of possible waiver of the home venue privilege by the FPC is "wholly speculative" and refuted by the FPC's position throughout the litigation of the Mandamus Complaint. [DE 164 at 10 n. 5] In the certiorari proceeding at the Second District, "FPC asserted, at least implicitly, its home venue privilege by arguing that the proceeding should not be transferred to Hillsborough County, since the "sword wielder doctrine" did not apply, and the Circuit Court in Pinellas County should have transferred the case to Leon County." [*Id.* (citing DE 112-8 at 9, 11)]

Second, Spradley "has no constitutional right of access to the court of his choice." [DE 164 at 10] The law is clear that the right of access to the courts is a right of access to an "appropriate" court, not any court a plaintiff chooses:

> The right of access to the courts is what may be described as a facilitative right: It is designed to ensure that a citizen has the

25

> opportunity to exercise his or legal rights to present a cognizable claim to the *appropriate* court and, if that claim is meritorious, to have the court make a determination to that effect and order the appropriate relief.

[DE 164 at 11 (quoting *Crowder v. Sinyard*, 884 F.2d 804, 814 (5th Cir. 1989), *abrogated on other grounds by Horton v. California*, 495 U.S. 128 (1990)) (emphasis in original)] As the district court concluded, Spradley's "complaint ultimately was presented to the Circuit Court in Leon County, the court that the state appellate court determined was the appropriate court to consider [Spradley's] complaint." [DE 164 at 11] The facts were unrefuted that the Mandamus Complaint was dismissed due to sanctions against Spradley for improper *pro se* filings, not any deprivation by the Clerk of access to the court system.

Finally, Spradley contends that he was impermissibly denied access to courts because the Clerk's failure to file the Mandamus Complaint rendered his challenge to the FPC's June 2013 proceeding forever time-barred under the one-year statute of limitations set forth in section 95.11(5)(f), Florida Statutes. [PB at 48-51] Yet, as the district court found, Spradley could have availed himself of the equitable tolling doctrine available in Florida, but presented no evidence that he did, or was prevented from doing so. [DE 164 at 11-12 (citing *Swekel v. City of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997); *Major League Baseball v. Morsani*, 790 So. 2d 1071, 1077 n.11 (Fla. 2001))] He did not allege or show that he was entitled to equitable

tolling because he attempted to refile the Mandamus Complaint in Hillsborough County, and the Clerk returned the filing to him. [DE 164 at 12]

Based on the foregoing, the district court did not err in reasoning that "[n]o reasonable jury could conclude that [Spradley's] constitutional right of access to the courts was violated." [*Id.* (citing *Swekel*, 119 F.3d at 1263-64) (explaining that a plaintiff making an access to courts claim must show that "the defendants' actions foreclosed her from filing suit in state court or rendered ineffective any state court remedy she previously may have had")] Here, the appropriate court under Florida law (Leon County) considered the Mandamus Complaint and dismissed it due to a pre-existing sanctions order against Spradley. This was after the Pinellas County court considered the complaint and dismissed it, and the Second District Court of Appeal reversed that dismissal and transferred the complaint to Leon County consistent with state law. Spradley indisputably had full access to the appropriate court. He presented no evidence to the contrary.

## II.  THE DISTRICT COURT DID NOT ABUSE ITS BROAD DISCRETION IN REFUSING TO STRIKE FRANK'S INTERROGATORY ANSWERS WHERE THE CLERK ESTABLISHED THE ANSWERS WERE MADE UNDER OATH AND SIGNED BY COUNSEL.

The district court properly exercised its broad discretion in refusing to sanction Frank for Frank's inadvertent failure to include the verification page with one set of Frank's answers to interrogatories, where Frank established it was an

oversight and provided the original verification page to the court. The Federal Rules of Civil Procedure "give[] district judges broad discretion to fashion appropriate sanctions for violation of discovery orders. . . ." *Malautea v. Suzuki Motor Co., Ltd.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (citing Fed. R. Civ. P. 37(b)(2)(C)).

Here, as the district court explained, sanctions were not warranted because Frank's actions were not deliberate, and Frank sufficiently rectified the issue:

> She timely answered Plaintiff's interrogatories under oath, and timely served those answers. Unfortunately, the verification page bearing her signature under oath was not served with the answers and objections to the interrogatories. The failure to serve the verification page with the answers does not appear to be the fault of Defendant Frank. Nor is there any indication that counsel deliberately withheld the verification page when serving the answers and objections.

[DE 94 at 2]

Spradley cites no case law or authority on appeal for this point, but urges this Court to reverse on this point because he allegedly "demonstrated" that the failure to include the verification page was "deliberate" and there was "no excuse" for the admission. [PB at 53-54] However, the record is devoid of any evidence of Frank's intent to violate discovery rules. Quite the contrary, the record is unrefuted that the omission was an "oversight" and was corrected when brought to Frank's counsel's attention. [DE 79 at 1-2]

Thus, the district court properly denied Spradley's motion to strike Frank's interrogatory answers.

### III.    THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING AS MOOT SPRADLEY'S MOTION TO COMPEL VARIOUS DISCOVERY RESPONSES WHERE THE CLERK FILED AMENDED RESPONSES THAT CURED ANY ALLEGED INSUFFICIENCY.

The district court properly denied as moot Spradley's motion to compel better answers to two interrogatories concerning the Clerk's policies in light of the Clerk's amendment of its answers. Regarding the interrogatory that asked whether Frank "set the policy or policies for Hillsborough County Clerk of Court office", Frank later amended the response to state:

> Defendant stands on its objection. It notes, however, that Defendant specifically denies that it maintains any policy requiring or allowing or providing for the refusal of documents or pleading[s] based on the deputy clerk's beliefs concerning venue and denies the existence of any policy by which a deputy clerk may transfer a case without an order of a court to another division of the court or to another county.

[DE 86 at 8-9] Regarding the interrogatory that asked whether the Clerk "set the policy or policies for filing mandamus or civil complaints in Hillsborough Circuit Court?", Frank later amended the response to state:

> By state law, the Clerk is required to accept all pleadings that are filed. Defendant notes that when the Plaintiff speaks of "mandamus or civil complaints" he references what could be the source of confusion with respect to the handling of these pleadings. Specifically, mandamus is a civil complaint so the statement of the two kinds of pleadings in the disjunctive indicates that there is some difference with respect to the filing of mandamus action and a civil action. Both are governed by the Florida Rules of Civil Procedure. Neither is recognized under the Criminal Rules of Procedure. However, the Florida Rules of Criminal Procedure, Rule 3.851(f)(1) provides that "all pleadings in the post-

29

conviction proceeding shall be filed *with the clerk of the trial court*." (emphasis added).[1]

> n.1 Defendant does not suggest that the rule applies to Plaintiff's petition for mandamus, only that there was a possible basis for Defendant Baker's actions, caused by Plaintiff's reference to his case [as] a collateral criminal proceeding.

[DE 86 at 9]

As the magistrate found, and the district court adopted, these amended responses did not suffer from any insufficiency or vagueness. [DE 109; DE 162] There is no indication that the district court made a clear error of judgment, or applied the wrong legal standard in making this decision, and Spradley does not so allege. Thus, the ruling was not an abuse of discretion. *See Khoury v. Miami-Dade Cty. Sch. Bd.*, ___ F.4th ____, 2021 WL 2817612, at *4 (11th Cir. 2021) ("We review the District Court's ruling on discovery matters only for abuse of discretion. Therefore, we will leave the district court's ruling on the motion undisturbed unless the district court has made a clear error of judgment, or has applied the wrong legal standard.") (citations and internal quotation marks omitted).  Spradley cites no authority to support his argument, let alone any authority that merits a contrary conclusion. [PB at 55-56]

## IV. THE DISTRICT COURT PROPERLY DENIED SPRADLEY'S MOTION TO DISQUALIFY WHERE SPRADLEY'S MERE SPECULATION REGARDING THE PARTIALITY OF THE DISTRICT COURT JUDGE WAS INSUFFICIENT TO WARRANT DISQUALIFICATION AS A MATTER OF LAW.

Finally, the district court did not abuse its discretion in denying Spradley's motion to disqualify. Spradley's sole basis for the disqualification motion was a "possible affiliation" between the Clerk and the district court judge because the district court judge previously served as a circuit court judge in Hillsborough County. [DE 89] The law requires more than mere conjecture or speculation to support disqualification.

This Court has held that "[a] charge of partiality must be supported by some factual basis . . . . Recusal cannot be based on 'unsupported, irrational or highly tenuous speculation.'" *U.S. v. Cerceda*, 188 F.3d 1291, 1293 (11th Cir. 1999) (quoting *In re U.S.*, 666 F.2d 690, 694 (1st Cir. 1981)); *see also U.S. v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986) (same). Certainly "possible affiliation" is nothing more than unsupported speculation. And even if there were an "affiliation", that does not support a per se finding of bias or partiality. As the district court found in denying disqualification, "[p]laintiff's conjecture that the undersigned might be partial is insufficient to warrant recusal." [DE 97 at 1]

Contrary to Spradley's argument, the district court judge did not improperly pass upon the truth or falsity of the factual allegations in the disqualification motion. [PB at 56 (citation omitted)] There were no factual allegations in the motion, other than the fact that the district court judge served as a judge in Hillsborough County, which was never in dispute.

31

Moreover, whether the judge's "impartiality might reasonably be questioned, especially in light of the fact of her denials of so many of [Spradley's] motions and objections" [PB at 57] does not justify disqualification. As Spradley himself notes, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Pri-Har Corrections Corp. of Am., Inc.*, 154 F. App'x 886, 889 (11th Cir. 2005) (citing *Liteky v. U.S.*, 510 U.S. 540, 555) (internal quotation marks omitted); [PB at 57 (citing *Pri-Har*)]. They are a valid basis only "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id*. There is absolutely no evidence of any favoritism or antagonism in this case, let alone the high degree required to support disqualification.

## CONCLUSION

The Clerk requests that this Court affirm the orders on appeal in all respects.

Respectfully submitted,

/s/ Kristen M. Fiore
KRISTEN M. FIORE, BCS (065897)          ZARRA R. ELIAS (89020)
**AKERMAN LLP**                                            MELISSA TORRES (1002646)
201 E. Park Avenue, Suite 300               **AKERMAN LLP**
Tallahassee, Florida 32301                       401 E. Jackson Street, Suite 1700
Telephone:   (850) 224-9634                  Tampa, FL 33602
Facsimile:    (850) 222-0103                   Telephone:   (813) 223-7333
kristen.fiore@akerman.com                   Facsimile:    (813) 218-5449
                                                             zarra.elias@akerman.com
                                                             melissa.torres@akerman.com

Counsel for Appellees, Pat Frank and Edwina Baker

## CERTIFICATE OF COMPLIANCE

I certify that this brief complies with the type-volume limitation set forth in FRAP 32(a)(7)(B). This brief contains 7,760 words, excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(iii). This brief complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6). It has been prepared in a proportionally spaced typeface using Microsoft Word in 14 point Times New Roman font.

/s/ Kristen M. Fiore
KRISTEN M. FIORE, BCS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 9, 2021, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties in this case whom are registered through the CM/ECF and by U.S. Mail to the following.

Glenn Spradley (State Prisoner 041549)
SFRC South Unit - Inmate Legal Mail
13910 NW 41st Street
Doral, FL 33178
(*Pro Se* **Appellant**)

/s/ Kristen M. Fiore
KRISTEN M. FIORE, BCS