[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 20-14518

Non-Argument Calendar

_____

GLENN SPRADLEY,

        Plaintiff-Appellant,

versus

PAT FRANK,
Clerk of the Circuit Court of Hillsborough County, Florida,
HILLSBOROUGH COUNTY,
EDWINA BAKER,
Deputy Clerk, Hillsborough County Circuit Court,

        Defendants-Appellees,

C. BAKER,

Deputy Clerk of the Circuit Court of Hillsborough County,

                                                                    Defendant.

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:18-cv-02372-CEH-AAS

————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

    Glenn Spradley, a prisoner proceeding *pro se*, appeals various district court orders regarding his 42 U.S.C. § 1983 complaint against Pat Frank, clerk of the Hillsborough County Circuit Court, Edwina Baker, a deputy clerk of the Hillsborough County Circuit Court, and Hillsborough County[1] (the County), alleging violations of his Fourteenth and First Amendment rights stemming from their refusal to file his mandamus action and alleged transfer of the action to another county. Spradley brings several issues on appeal,

---

[1] When referred to as a party, Hillsborough County will be referred to as "the County" in this opinion. When referencing actions related to the Hillsborough County circuit court, this opinion will refer to it as "Hillsborough County."

which we address in turn. After review,[2] we affirm the district court.

## I. THE COUNTY'S LIABILITY

First, Spradley contends the court should not have dismissed his claims against the County because it could be held liable for Frank failing to file and transferring his mandamus complaint.

"[T]o prevail on a civil rights action under § 1983, a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Municipalities and other local government entities are "persons" within the scope of § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To impose § 1983 liability on a municipality, a plaintiff must show: (1) "his constitutional rights were violated;" (2) "the municipality had a custom or policy that constituted deliberate indifference to that constitutional right;" and (3) "the policy or custom caused the violation."

---

[2] We review a district court ruling on a Rule 12(b)(6) motion *de novo*. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). A district court's rulings on discovery matters are reviewed for an abuse of discretion. *Khoury v. Miami-Dade County Sch. Bd.*, 4 F.4th 1118, 1125 (11th Cir. 2021). We review a district court's denial of a recusal motion for an abuse of discretion. *Draper v. Reynolds*, 369 F.3d 1270, 1274 (11th Cir. 2004). "We review a district court's grant of summary judgment *de novo*, applying the same standards applied by the district court." *Baas v. Fewless*, 886 F.3d 1088, 1091 (11th Cir. 2018) (quotation marks omitted). "Summary judgment is proper if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (quotation marks omitted).

*McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). "A custom is a practice that is so settled and permanent that it takes on the force of law." *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997). Although a custom need not receive formal approval, random acts or isolated incidents are normally insufficient to establish a custom or policy. *Depew v. City of St. Marys*, 787 F.2d 1496, 1499 (11th Cir. 1986). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality." *Sewell*, 117 F.3d at 489.

Municipal liability may be imposed for a single decision by a municipal official, provided that the official possesses final authority to establish policy with respect to the action ordered. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-82 (1986). Whether an official is a final policymaker is dependent on an analysis of state law. *Grech v. Clayton County*, 335 F.3d 1326, 1343-44 (11th Cir. 2003) (*en banc*) (holding Georgia sheriffs were not county policymakers as to their law enforcement functions because Georgia's Constitution, statutes, and caselaw showed state power and control over sheriffs and an absence of county control).

The Florida Constitution provides a county's clerk of the circuit court is an elected office, and the county cannot abolish the office of clerk of the circuit court, transfer the clerk's duties, change the length of the term of office, or establish any manner of selection other than by election. Fla. Const. Art. VIII, § 1(d). The County's charter defines "the county government" to exclude any

constitutional officer as defined in Section 1(d) of Article VIII of the Florida Constitution, and specifically excludes the clerk of the circuit court. *Charter of Hillsborough County*, Art. I, § 1.02.[3] Florida statutes define the clerks' powers and duties. *See* Fla. Stat. § 28.01, *et seq.*

The district court did not err by dismissing Spradley's complaint against the County because he did not show the County had a custom or policy that was deliberately indifferent to his constitutional rights. *See McDowell*, 392 F.3d at 1289. Spradley's one isolated incident of Frank failing to file and transferring his mandamus complaint is insufficient to establish a custom, and to the extent he alleged other instances by stating the County had an unwritten policy, these allegations were conclusory and speculative. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (explaining while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than "labels and conclusions," formulaic recitation of the elements of a cause of action are not enough, and factual allegations must be enough to raise a right to relief above the speculative level); *Depew*, 787 F.2d at 1499. While a single incident can be sufficient to establish a municipality's liability for its unconstitutional policy, Frank was not a policymaker for the County such that liability could be imposed on the County for her refusal to file and

---

[3] MUNICODE, https://library.municode.com/fl/hillsborough_county/codes/code_of_ordinances_part_a?nodeId=CHHICO_ARTICR01, (last visited Apr. 1, 2022).

her alleged transfer of his complaint. *See Pembaur*, 475 U.S. at 480-82. Based on state law, Florida's Constitution established the offices of the clerks of the circuit courts and insulates them from control by counties, the County's Charter defines its government to exclude the clerk of the circuit court, and Florida statutes define the clerks' powers and duties. *See* Fla. Const. Art. VIII, § 1(d); *Charter of Hillsborough County*, Art. I § 1.02; Fla. Stat. § 28.011, *et seq.* Florida state law evinces state empowerment of and control over clerks of courts, rather than county control. *See Grech*, 335 F.3d at 1343-44. Thus, Frank was not a policy maker for the County, and the district court did not err by finding the County could not have been held liable for Frank's alleged wrongdoings. Spradley's argument that determining the identity of the final policymaker is best done at the summary judgment stage is irrelevant because, regardless of the final policymaker at the clerk's office, the County lacked control over the clerk's office. Accordingly, we affirm the dismissal of Spradley's complaint against the County.

## II. DISCOVERY MOTIONS

Second, Spradley asserts the court abused its discretion by denying his motion to strike Frank's interrogatory answers for originally failing to answer under oath, and his motion to compel better answers from Frank because her answers were insufficiently specific.

With some exceptions, a district court may designate a magistrate judge to hear and determine any pretrial matter pending before the court. 28 U.S.C. § 636(b)(1)(A). The court may reconsider

a magistrate judge's ruling where it has been shown that the magistrate judge's order was clearly erroneous or contrary to law. *Id.*

Rule 33 requires that each interrogatory be answered under oath. Fed. R. Civ. P. 33(b)(3). Also, Rule 33 provides the grounds for objecting to an interrogatory must be stated with specificity. Fed. R. Civ. P. 33(b)(4).

Spradley cannot show the court abused its discretion by adopting the magistrate judge's denials of his discovery motions. Regarding his motion to strike Frank's answers and to impose sanctions for not answering the interrogatories under oath, Frank subsequently included the verification page to cure the Rule 33(b)(3) defect, and Spradley does not identify any authority to suggest that striking a party's interrogatory answers or imposing sanctions would be appropriate in this situation. Fed. R. Civ. P. 33(b)(3). The pagination discrepancy between the original and completed verification forms alone does not indicate that Frank's failure to originally include the completed verification form was willful or in bad faith to warrant sanctions. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1542 (11th Cir. 1993) (stating district courts have broad discretion in imposing sanctions for discovery violations). Thus, the magistrate judge's denial of this motion was not clearly erroneous or contrary to law and the district court's adoption of the denial was not an abuse of discretion. Regarding Spradley's motion to compel better answers from Frank, Spradley does not cite any binding authority to show that Frank's answers were insufficiently specific. *See* Fed. R. Civ. P. 33(b)(4). Thus, the

magistrate judge's denial of his motion to compel better answers was not clearly erroneous or contrary to law and the district court's adoption of the denial was not an abuse of discretion. Accordingly, we affirm as to this issue.

### III. RECUSAL

Third, Spradley contends Judge Honeywell had a possible affiliation with Frank when she was a circuit court judge in Hillsborough County, and thus, she abused her discretion by not recusing herself. A judge shall disqualify herself if, among other reasons, she has a personal bias or prejudice concerning a party. 28 U.S.C. § 455(a), (b)(1). The standard for when a judge should have disqualified herself under § 455(a) is whether a reasonable person knowing all the facts would conclude the judge's impartiality might reasonably be questioned. *Jenkins v. Anton*, 922 F.3d 1257, 1271-72 (11th Cir. 2019). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Judge Honeywell did not abuse her discretion by not recusing herself. Spradley's allegation that she had a "possible affiliation[]" with Frank is speculative, and it is further speculation that this potential affiliation would cause Judge Honeywell to be partial toward Frank. *See Jenkins*, 922 F.3d at 1271-72. Judge Honeywell's denials of Spradley's various motions do not constitute a valid basis for recusal, especially where the court committed no error in ruling against Spradley. *See Liteky*, 510 U.S. at 555.

20-14518               Opinion of the Court                    9

## IV.  SUMMARY JUDGMENT

Last, regarding his Fourteenth Amendment claim, Spradley asserts evidence shows Baker transferred his mandamus complaint. Regarding his First Amendment claim, he contends he was denied access to the courts because his complaint was not litigated on the merits.

### A.  Fourteenth Amendment

A violation of due process may form the basis for a suit under 42 U.S.C. § 1983. *McKinney v. Pate*, 20 F.3d 1550, 1555 (11th Cir. 1994) (*en banc*).  The Due Process Clause of the Fourteenth Amendment provides that no state shall deprive any person of life, liberty, or property, without due process of law.  U.S. Const. amend. XIV, § 1.  A violation of procedural due process occurs where the state fails to provide due process in the deprivation of a protected liberty interest. *McKinney*, 20 F.3d at 1557.  A liberty interest is created when a statute contains explicitly mandatory language. *Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989). State-created rights constitute liberty interests protected by the Fourteenth Amendment.  *See Vitek v. Jones*, 445 U.S. 480, 488 (1980) (discussing state-created right for good-time credits).  Florida's venue statute provides that "[a]ctions shall be brought only in the county where the defendant resides, where the cause of action accrued, or where the property in litigation is located."  Fla. Stat. § 47.011.

The court did not err by granting Frank and Baker summary judgment on Spradley's Fourteenth Amendment claim. Even if Spradley's right to initially select venue was protected by due process, there is no evidence in the record indicating that either Frank or Baker caused his mandamus complaint to be transferred. Spradley concedes there is no evidence Frank transferred his complaint. As to Baker, Spradley argues that, because Frank's original interrogatory 14 implied the deputy clerk who returned his complaint was the same one that transferred it and her amended interrogatory 1 stated Baker returned his complaint, then Baker must have transferred the complaint. However, just because Frank's original interrogatory 14 referred to "the deputy clerk" does not mean that the same deputy clerk who returned his complaint was the same one that transferred it. Spradley's contention that Frank and Baker stated in their motion for summary judgment that they transferred his complaint is misplaced because, in context, they assumed that fact as a condition of their merits argument regarding his First Amendment claim.

Further, Frank and Baker both stated that Baker did not transfer the complaint, despite her admission that she was the one who returned it to Spradley. Spradley put forth no evidence that Frank or Baker transferred his complaint, and the only evidence in the record regarding any alleged transfer by someone at the clerk's office is Frank and Baker's denial that either of them transferred the complaint. Based on the lack of evidence, a reasonable jury could not have found in favor of Spradley. *See Young v. City of Palm*

*Bay, Fla.*, 358 F.3d 859, 860 (11th Cir. 2004) (explaining the nonmovant must go beyond the pleadings and present competent evidence in the form of affidavits or as otherwise provided in Fed. R. Civ. P. 56, setting forth specific facts to show that genuine issues exist for trial). Accordingly, the court did not err in granting summary judgment to Frank and Baker because Spradley could not show causation on his Fourteenth Amendment claim.

B. *First Amendment*

Access to the courts is a right grounded in the First Amendment. *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003). Standing requires that an inmate alleging a violation of the right of access to the courts must show an actual injury. *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir. 1998). The injury the inmate must demonstrate is an injury to the right of access. *Id.* Thus, the officials' actions that "allegedly infringed an inmate's right of access to the courts must have frustrated or impeded the inmate's efforts to pursue a nonfrivolous legal claim." *Id.* "Further, the legal claim must be an appeal from a conviction for which the inmate was incarcerated, a habeas petition, or a civil rights action." *Id.*

The court also did not err by granting summary judgment to Frank and Baker on his First Amendment claim. Even if his mandamus complaint gave rise to a right to access the courts, he cannot show that he was actually injured because his case was litigated in other courts. *See Bass*, 143 F.3d at 1445. Although his complaint was not filed in Hillsborough County, Spradley's complaint ended up being litigated in Pinellas County, Leon County, and the Second District Court of

| 12 | Opinion of the Court | 20-14518 |

Appeal. Accordingly, Spradley cannot show that Frank or Baker denied him access to the courts.

**AFFIRMED.**